Hemphill, Ch. J.
This action was brought on two notes of hand, one of which became due on the second day of June, 1839, and the other readied maturity on the second (lay of January, 1841. The petition was filed on the 2l)th November, 1845. There is an accumulated mass of pleadings, demurrers, replications, amendments, exceptions, &c., in tliis case which require no particular notice. The statute of limitations was pleaded, and the plea being sus *128 tained, verdict by consent was entered as on the findingo£ the jury. The only point in dispute is whether the claim against the deceased intestate was. by virtue of the 22d section of the act of limitations, exempted from the general operation of the statute during the time which elapsed between the maturity of the notes and the emigration of the deceased to the Republic in the spring (if 1844. If tlie statute commenced to run from the time at which the notes respectively became due, then (lie action was barred; but if the statute was suspended until the date of the defendant’s removal to the country, then the bar bad not been completed and the action could he mainia'mod. By the 22d section (art. 2395) it is declared that if any person against whom there is or shall be canse of action is or shall he without the limits of this Republic ¡it the time of the accruing of such action, or at any time during which the same might have been maintained, then the person entitled to siieh action shall be at liberty to bring the same against such person or persons after his or their return to the Republic, and the time of such person's absence, shall not be accounted or taken as a part of the time limited by the act. The. intention and effect of this section were fully considered in the case of Suoddy c. Cage, decided at Austin, December Term, 1849, (3 Tex. R., 106;) and it was held that the provision had no operation or claim against persons who had never been in the country; that it was restricted to causes of action against persons who had been within the limits of the Republic, had absented themselves and luid returned; that it operates only against persons whose return to the country was physically possible, and that no oue conid be said to return to a country in which lie had never been present; and that therefore persons who had not been in the country were not embraced in the class which was partially excluded by the terms of the section from the benefit of the general operation and course of the statute. (Vide also Love v. Doak & Tims, decided ¡it Austin, December Term, 1849, 5 Tex. R., 343.)
Judgment affirmed