Greer, Mills & Company v. Gill, Harris & Company.

No. 1527.

**1.  Limitation—Conversion.**

A suit for wrongfully shipping away and selling cattle of plaintiff which defendants held under a deed of trust was an action for conversion and not a suit on the written contract or trust deed, and was barred by limitation in two years.

**2.  Limitation—Absence—Non-Resident.**

Our statute of limitations (Rev. Stats. art. 3216) which provides against counting the time of defendant's absence from the State, applies only to resident defendants. This did not prevent limitation from running in favor of a resident of another State, though he had occasionally visited Texas during the period to attend cattlemen's conventions.

Appeal from County Court, Wise County.  Tried below before Hon. J. T. Johnson.

*McMurray & Gose*, for appellants.—The court erred in not finding that the entire demand of plaintiffs was barred by the statute of limitation of two years—the said statute of limitation having been pleaded by defendants, and the evidence showing that more than two years had expired since the accrual of plaintiffs' cause of action and since the sale of cattle by defendants before the filing of this suit and since the shipment of said cattle by Cobb to defendants, and no reason being shown or pleaded by plaintiffs that would prevent or suspend the running of the statute of limitation.  Rev. Stats. (Sayles), 3216; Railroad v. Adams, 47 Texas, 748; Railroad v. Humphries, 4 Texas Civ. App., 335; Sayles' Civil Stats., arts. 3216, 3223, 3224; Snoddy v. Cage, 5 Texas, 106; Moore v. Hendricks, 8 Texas, 253; Thompson v. Cattle Co., 24 S. W. Rep., 856; Thompson v. Cattle Co., 24 S. W. Rep., 858; Lynch v. Ortlieb 30 S. W. Rep., 545; Cotton v. Rand, 29 S. W. Rep., 682; Sayles' Civil Stats., art. 3203; Wood v. Huffman, 64 Texas, 97; Bear Bros. & Heirsch v. Railway, 63 Texas, 298; Bass v. James, 83 Texas, 110; Fowler v. Stonum, 6 Texas, 60; Senter v. Whitaker, 66 Texas, 624; Railway v. Roemer, 1 Texas Civ. App., 191.

*R. E. Carswell*, for appellee.—The assignment is not well taken because the suit was based on a contract in writing.

COLLARD, Associate Justice.—This suit was originally filed March 14, 1894; amended petition filed April 3, 1894, by Gill, Harris & Co., a co-partnership doing business and residing in Texas,—plaintiff Gill resident in Wise County, Smith, in Tarrant County, and Harris, in Dallas County,—against Greer, Mills & Co., a firm the members of which reside in Cook County, Illinois, and doing business as such firm in the city of Chicago, the members of the firm being J. E. Greer and Frank O. Mills.  The petition shows that plaintiffs borrowed of defendants $3670 cash, for which they executed their promissory note to

defendants, payable twelve months after date, which note is attached to and made an exhibit to the petition; that on the same day, to secure the note, plaintiffs executed to one W. E. Cobb, trustee, defendants' agent in Texas, a chattel mortgage upon 367 head of beef steers, plaintiffs, by the terms of the instruments, retaining the possession of the steers, by the terms of which plaintiffs were, with Cobb's consent, when the same were ready for market, to ship to defendants at Chicago, where defendants were to sell the same for plaintiffs and apply the proceeds to the satisfaction of the note,—defendants to have fifty cents per head for marketing the same. The trust deed is attached to the petition as an exhibit and made a part of the same. It is further alleged that at various times before the maturity of the note, the dates endorsed on the note, plaintiffs paid various amounts on the same by shipments of certain of the mortgaged steers, which were sold by defendants and proceeds applied as credits on the note; and when the note became due there only remained unpaid on it $387, which plaintiffs proposed to Cobb to pay upon the presentation of the note and an accounting by defendants for the cattle already shipped and sold by them, and "said Cobb as the agent of defendants" agreed to present the note and upon payment of balance due to release the mortgage, but instead of doing so, it is alleged that he, Cobb, at the instance and under the direction of defendants and without plaintiffs' consent, took possession of the forty-four head of cattle, then worth $25 per head, and shipped them to Chicago to defendants, who received the same, and pretending to act under the deed of trust sold them, but failed to account to plaintiff for their proceeds, except in so far as to satisfy the balance due on the note; that they retained in their hands and refused to pay over to plaintiffs $350 of such proceeds; "that by reason of the fact that said cattle were taken and shipped to and received and sold by defendants without the consent of plaintiffs and against their will, and for greatly less than their value defendants are liable to plaintiffs for the full value of the same less the balance due on said note, which amounts to the sum of $600 for which plaintiffs sue and pray for judgment."

The money was borrowed, the note and mortgage given as alleged, dated September 27, 1890, containing provisions as alleged—the mortgage stipulating that "when the cattle are ready for market the grantors herein shall ship the same (with the consent of the trustee) to the said Greer, Mills & Co., at Chicago, and shall pay a commission of fifty cents per head to Greer, Mills & Co. for marketing the same," and also "And it is expressly agreed that said commissions above provided for shall become due and payable in any event, whether said cattle are shipped to said Greer, Mills & Co. or not, upon the maturity or payment of said note."

Defendants answered by general demurrer, special exceptions that it was not shown that Cobb was the agent of defendants to make the alleged agreement, but was trustee under the deed of trust, nor that the note was due at the date of the agreement.

Defendants specially pleaded the statute of limitation of two years to plaintiff's demand; that the defendants received the cattle about the third day of November, 1891, and sold them about the same day in Chicago, Ill., and that they fully informed plaintiffs of the sale about November 10, 1891, wherefore more than two years had expired since that time to the bringing of the suit. Other defenses were set up, showing full accounting to plaintiffs of all the proceeds of the sale of the cattle shipped, which were sold at the highest market price in Chicago and the balance of proceeds, after deducting amounts due, was forwarded to plaintiffs and received by them with full statement of account. There was an item in defendants' account, as set up, of $65 for 130 head of cattle not shipped, as provided in the deed of trust, on which they charged 50 cents per head commissions, as stipulated in the deed of trust. Also that Cobb signed the note with plaintiffs and was not defendants' agent.

Plaintiffs by supplemental petition replied to defendants' plea of limitation by averment, "that at all times from the conversion of said cattle and from the time plaintiff's cause of action accrued till the bringing of the suit, defendants resided, and were and remained outside of the State of Texas, and that said defendants and none of them since the accrual of said cause of action have been in the State of Texas for a period of one year or any other period of time, save at one time J. E. Greer, one of the defendants, was in Texas on a visit and for a few days only." Plaintiffs' reply to other matters in the account of defendants, pleaded usury, that the note bore ten per cent interest while the statutes of Illinois only allowed seven per cent interest, and that though Cobb had signed the note with plaintiffs, it was without their assent or knowledge, and that he acted for and as agent of defendant alone, and was not the agent of plaintiffs, as alleged by defendants.

October 20, 1890, the case was tried by the court without a jury and upon hearing the judge rendered judgment for plaintiffs for $286.56.

The note was signed by plaintiffs and by Cobb. It and the deed of trust are as stated in the pleadings. The forty-three head of cattle were shipped, as alleged by plaintiffs, by Cobb to defendants, in disregard of plaintiffs' instructions; they were received by defendants at Chicago, sold by them about the 4th November, 1891, and the proceeds applied to the balance due on the note and deed of trust, as claimed by defendants, leaving a balance due plaintiffs of $59.29, which was remitted to Cobb, plaintiffs allowing Cobb to retain the same for pasturage due by them to him. Cobb had the cattle in his pasture when he shipped them to defendants at Chicago. Plaintiffs received the statement of the account from defendants showing the sale of all cattle shipped and sold, as well as the forty-three head, the application of the proceeds to the note and deed of trust, leaving the balance due plaintiffs as shown of $59.29, and plaintiffs received this statement about the 10th of November, 1891, not later than the 15th of November, 1891, and allowed Cobb to retain the same for pasturage due him by plaintiffs. There is no conflict in the testimony or controversy about the fact that plaintiffs so received

the statement of account, at the time mentioned, and allowed Cobb to retain the balance as stated. Defendants were residents of the State of Illinois as alleged in plaintiffs' replication.

*Opinion.*—We are of the opinion that defendants' assignment of error to the effect that the court below should have found that plaintiffs' demand was barred by the statute of limitation of two years, as pleaded by defendants, should be sustained. The only reply appellees make to the assignment is that their suit was upon a written contract, and that the four years statute would apply to the demand. The demand as set up in plaintiffs' pleadings is not upon a written obligation but in the nature of suit for a conversion. We are not in doubt as to the question that the four years statute does not apply. The two years statute alone was applicable to the case; and it evidently commenced to run not later than the 15th day of November, 1891. The suit was filed March 14, 1894, more than two years after the alleged cause of action accrued. The reply in plaintiffs' supplemental petition to the plea of limitation does not meet the defense. The fact set up that defendants were non-residents of the State and had not been in the State after the accrual of the cause of action, except one of them on a visit, for a few days only, was no defense to the plea. The statute reads: "If any person against whom there shall be a cause of action shall be without the limits of the State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State, and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provisions of this title." Rev. Stats., 1879, art. 3216. Plaintiffs in their supplemental petition invoke this statute in their reply to the plea. The reply and the facts show without contradiction that at the time of the accrual of plaintiffs' alleged action defendants were residents of the State of Illinois, and that at no time since has either of them been a resident of this State. The reply shows this and that "none of them has since the accrual of the cause of action been in the State save at one time J. E. Greer, one of the defendants, was in Texas on a visit for a few days only." The facts show that Greer comes to Texas quite often to cattle conventions and has been in this State to every cattle convention since 1888. The evidence does not show when these conventions were held.

It is the established law of this State that the exception to the running of the statute in the article quoted, as to persons without the limits of the State, and return thereto, applies to residents of the State, and has no application to persons whose residence is without the limits of the State. The law applies to persons subject to our jurisdiction. Moore v. Hendricks, 8 Texas, 253, 254; Snoddy v. Cage, 5 Texas, 113, 114; Cotton v. Rand, 29 S. W. Rep., 682; Fisher v. Phelps, 21 Texas, 556; Phillips v. Holman, 26 Texas, 282.

An occasional visit to the State by one of defendant partners, attend-

ing cattle conventions, will not bring the firm within the clause consti-tuting an exception to the running of the statute.

The evidence being clear and undisputed, we conclude that the court below should have held that the plea of limitations was sustained and rendered judgment for defendants on their plea, and that we are required to here render such judgment for defendants below, the appellants in this court. This being our conclusion, it becomes unnecessary to discuss other assignments of error.

The judgment of the lower court is reversed, and judgment is here rendered by this court that defendants' plea of limitation is sustained by the proof, and that defendants below, appellants in this court, have judgment for their costs in the court below and in this court.

*Reversed and rendered.*

Decided April 22, 1896.