### KLUTH v. KIRKPATRICK. (No. 6704.)

(Court of Civil Appeals of Texas. San Antonio. March 1, 1922.)

**1. Limitation of actions ☞118(2)—Plaintiff's failure to issue citation for two years held not excused.**

Where the only excuse offered for failure to issue citation was not knowing where the defendant resided, and there was nothing to prevent plaintiff from obtaining citation by publication, it fails to show that plaintiff was not negligent in not issuing citation for nearly two years, and that he used all diligence in trying to serve the defendant, in view of Rev. St. art. 1850.

**2. Limitation of actions ☞118(2)—Mere filing of suit without service of process will not interrupt running of statute.**

The mere filing of a suit will not interrupt the running of the statute of limitations, but, aside from the initial step of filing the petition, there must be a bona fide intention that the process shall be served at once upon the defendant.

Error from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by J. H. Kirkpatrick against Herman F. Kluth to recover certain lots, and in the alternative to recover on two vendor's lien notes, and to foreclose a vendor's lien on said lots. Judgment for plaintiff, and the defendant brings error. Reversed.

W. Y. McFarland and Don A. Bliss, both of San Antonio, for plaintiff in error.

FLY, C. J. J. H. Kirkpatrick sued Herman F. Kluth to recover lots 30, 31, and 32 in block 31, city block 3514, San Fernando addition to city of San Antonio and in the alternative to recover on two vendor lien notes for $183.33 each, and to foreclose the vendor's lien on said lots. Kluth pleaded limitation of four years as against both notes. No jury being demanded, the cause was heard by the court, and judgment rendered in favor of Kirkpatrick for $577.10 and foreclosure of the vendor's lien.

Kirkpatrick conveyed to Kluth, on April 26, 1913, the lots herein described, reserving in the deed a vendor's lien on the lots to secure the payment of two purchase-money notes, each for $183.33, bearing 7 per cent. interest per annum and providing for 10 per cent. for attorney's fees, and each reciting that it was given for part of the purchase money, one to become due one year after date and the other in two years. In the deed it was recited that Kluth was a resident of Guadalupe county. The action in this case was begun on April 2, 1919, but no citation was issued until March 10, 1921, when Kirkpatrick made an affidavit that the residence of Kluth was unknown, and he was duly cited by publication. It was shown that on May 19, 1921, when Kluth filed his answer, he was residing in the town of Cost, Gonzales county, Tex. When the deed was executed Kluth was engaged in business in the village of Limerock, Guadalupe county, near the line of Guadalupe and Hays counties. It was shown that it was ascertained by Kirkpatrick about the time suit was instituted that Kluth had left Limerock, and after search it was found that Kluth had gone to Yoakum, and was running a store, but further search showed that he had left Yoakum, and his whereabouts was unknown. A letter was written to the sheriff of Stephens county at Breckenridge, the county site, inquiring about Kluth, but he was not found. Numerous letters passed between Kluth and Kirkpatrick, the first dated April 12, 1915, in which Kluth asked for an extension of one year on the notes, and in his reply to that letter Kirkpatrick agreed to extend payment of the two notes for one year from April 23, 1915, on condition that Kluth would pay the interest due on the notes. The interest was sent, in reply to this letter, by Kluth to Kirkpatrick.

If that agreement of extension had any effect without the statutory requirements being complied with, the notes became due on April 23, 1916, and four years had not elapsed from that date until April 23, 1920, about a year after suit was instituted on the notes and lien. On April 3, 1916, Kluth wrote a letter to Kirkpatrick, asking for another extension, and it was granted by Kirkpatrick, to April 26, 1917, with the understanding that Kluth send the interest due. There was no proof that the interest then due was ever paid. Kirkpatrick indulged Kluth up to the latter part of 1918, at the earnest request of Kluth. Kluth seemed to be wandering from one place to another, the letters having been written from Limerock, Kingsbury, Seguin, and Port Arthur, and he was at last found at Cost, Gonzales county. The note which was due two years after date, that is, two years after April 26, 1913, would not have been barred by four years' limitation, regardless of extensions, at the time the suit was instituted, on April 2, 1919.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The first proposition is that the conclusion of fact by the trial judge that Kirkpatrick was not negligent in the matter of issuance of process for Kluth, and used due diligence in the endeavor to locate him and have him served, is not supported by the facts. The deed recited that Kluth was a resident of Guadalupe county, but when the suit was filed no process was asked to Guadalupe county, nor was any inquiry made of the sheriff of that county, or any other person residing therein, as to where Kluth could be found. After June, 1919, no substantial effort was made to locate Kluth. There was no time after the last date named when Kirkpatrick could not have made the necessary affidavit and have obtained a citation by publication, which was at last resorted to, nearly two years after the suit was filed. If, as claimed by Kirkpatrick, he had made diligent search for Kluth and could not locate him, that did not justify Kirkpatrick in ceasing to make an endeavor to cite Kluth, but, on the other hand, showed Kirkpatrick that Kluth could not be located, and that he should be cited by publication. Kirkpatrick was in no better position to apply for citation by publication in March, 1921, by making an affidavit that the residence of Kluth was unknown, than he was in June, 1919, for after the latter date no additional effort was made to ascertain the whereabouts of Kluth, except to converse by telephone with lawyers in San Marcos and Yoakum in the fall of 1920, and yet no application for citation of any kind was made for nearly two years after the suit was filed. The evidence fails to sustain the finding that Kirkpatrick was not negligent in not issuing citation for so long a time, and the finding that Kirkpatrick used all reasonable diligence in trying to locate and cite Kluth. If Kirkpatrick had used the knowledge with which he was charged by the recitals in his deed to Kluth, he would have issued citation to Guadalupe county, and would have shown some desire to procure service. It is contemplated by the statute that citation shall be issued forthwith upon the filing of a petition, and we know of no precedent for issuing no process because it is not known where a defendant resides. Rev. Stats. art. 1850.

[2] It is the well-established rule fixed by text-books and decisions that the mere filing of a suit will not interrupt the running of limitations. Wood, Limitations, § 289; Angell, Limitations, § 312; Veramendi v. Hutchins, 48 Tex. 531; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Cain v. Wharton (Tex. Civ. App.) 196 S. W. 952. As said by the Supreme Court in the cited case of Ricker v. Shoemaker:

"Not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process shall be served at once upon the defendant."

The facts fail to disclose any such intention. Whether there were any extensions of the notes or not, they were barred by limitation when the first citation was issued in March, 1921.

The judgment is reversed, and judgment here rendered that Kirkpatrick take nothing by his suit, and pay all costs in this behalf expended.