## LEY v. LEY.

### No. 9875.

Court of Civil Appeals of Texas. Galveston.

June 22, 1933.

Rehearing Denied July 26, 1933.

Fogle & Holden, of Houston, for plaintiff in error.

W. P. Hamblen and Phil D. Woodruff, both of Houston, for defendant in error.

PLEASANTS, Chief Justice.

The following sufficient statement of the nature and result of this suit is copied from the brief of plaintiff in error:

Cora D. Ley, in January, 1929, brought suit upon a promissory note against E. V. Ley, formerly her husband, and the latter, several days after the filing of the petition, filed an answer and a cross-action, in which he sued for an accounting by plaintiff and to recover of her various sums of money due him under the terms of their agreement partitioning and settling their community estate.

Plaintiff did not answer defendant's cross-action, but, after it was filed, requested a setting of the case. Thereafter, on the 1st day of June, 1931, the case, which was numbered 157535 on the docket of the district court, was dismissed by the court, the order being simply: "Dismissed for want of prosecution."

Cora D. Ley again sued upon the same cause of action in this case, numbered 196894 on the district court's docket, July 20, 1931; and on November 23, 1931, E. V. Ley answered and filed a cross-action as he had done in the previous suit; the petition and cross-action containing the same allegations as those in the former suit.

Defendant, E. V. Ley, on January 23, 1932, filed a motion to consolidate with the cross-action in the instant suit the one formerly

filed by him in No. 157535, alleging that the allegations in the two pleas were identical.

On February 23, 1932, the court overruled the motion to consolidate, sustained plaintiff's exception setting up the defense of limitation to the cross-action, and rendered judgment for plaintiff in the sum of $1,551.

Plaintiff in error, who will be hereinafter styled appellant, seeks a reversal of the judgment upon two grounds: First, that the entry on the court's docket in the original suit brought by Cora D. Ley against E. V. Ley on the note upon which the present suit is brought, of the order "Dismissed for want of prosecution," only had the effect of dismissing the suit brought by Cora D. Ley, and the cross-action filed in that suit by E. V. Ley remained on the docket of the court, and the motion to consolidate that cross-action with the cross-action filed in this suit should have been granted; second, that the trial court erred in sustaining the exception to appellant's cross-action in this suit invoking the two-year statute of limitation against the claim asserted by the cross-action.

We think neither of the grounds for reversal can be sustained.

Appellee's suit is for recovery of one-half of the principal and interest due upon a note for $2,400 executed by appellant on February 2, 1924, and payable to appellee, or her order, one year after date, with interest at the rate of 8 per cent. per annum. The petition alleges and the facts show:

"That thereafter, on or about the 5th day of April, A. D. 1927, said plaintiff and defendant were divorced by decree of court entered in Cause No. ———, and styled Cora D. Ley v. E. V. Ley, in the District Court of Harris County, Texas, 80th Judicial District. That in conjunction with the settlement of the property rights of said parties, on said 5th day of April, A. D. 1927, plaintiff and defendant entered into a certain written agreement bearing said date, whereby defendant agreed and covenanted to pay plaintiff within one year from said date of April 5th, 1927, one-half of said note together with interest as provided in said note, and it was further expressly agreed and understood by said written agreement that the balance of said note was thereby cancelled and declared satisfied by plaintiff. That by reason of said written contract and settlement agreement, defendant became bound and obligated and promised to pay plaintiff within one year from said April 5th, 1927, the sum of one-half of the above described note dated February 2nd, 1924, originally in the principal sum of Two Thousand Four Hundred Dollars, and bearing interest at the rate of eight per cent. per annum from its date until paid, such amount which defendant promised to pay plaintiff by said settlement agreement, being on the 5th day of April, 1927, the sum of Fourteen Hundred and Ninety Six Dollars ($1,496.00), and all of which according to said written agreement was due and payable one year after April 5th, 1927."

In addition to a general denial, the defendant specially pleaded that under the agreement of April 5, 1927, pleaded by plaintiff, he was not bound or obligated to pay any of the interest due on the $2,400 note which had accrued and remained unpaid prior to the 5th day of April, 1927. He further pleaded by cross-action against the plaintiff, seeking recovery of one-half of various amounts which he alleged belonged to the community estate of plaintiff and defendant, and which had been collected by plaintiff and not accounted for by her, and for various sums paid by defendant for plaintiff's benefit, for all of which he prayed judgment.

In response to the exception raising the issue of limitation the appellant pleaded as follows: "That the various items set out in said cross-action as having been paid and expended by plaintiff out of community funds for her separate benefit and account, were not known to defendant until on or about January 1, 1929, said matters having been concealed by plaintiff from defendant; that defendant's right to the recovery of all of the items set out in defendant's cross-action, as well as those shown in the exhibit attached thereto, is evidenced by an instrument in writing signed by plaintiff and defendant dated in August, 1926, a copy of which is in the possession of plaintiff."

■■ We agree with appellee that the order dismissing the original suit should be construed as a dismissal of both causes of action presented in that suit, including the cross-action filed by the defendant. The order is not restricted to the plaintiff's cause of action, and should be construed as applying to the whole case. When so construed, the order was a final judgment in the case, and the pendency of the original suit, as affecting the claims of either party asserted therein, did not stop the running of the statute of limitation against such claims.

■ It further appears to us that, if this construction of the order is not sound, the pendency of defendant's cross-action as it affected the running of the statute of limitation against defendant's claim would be the same. The defendant in the original suit filed his cross-action on January 23, 1929. The order of dismissal was made on June 1, 1931. No citation was issued on the cross-action, and there was no answer thereto filed by the plaintiff; the only action shown to have been taken in the suit by either party after the filing of defendant's answer and cross-action was a request by plaintiff, on some date not shown, to have the case set for trial. There is nothing in the record to indicate that the plaintiff or the court knew at any time during

the two and a half years of the pendency of the original suit that the defendant had filed a cross-action therein against plaintiff. It is well settled that the mere filing of a petition with no notice to the defendant and no further action taken to prosecute the suit has no effect upon the running of limitation against the claim asserted in the suit. First National Bank v. Fox (Tex. Sup.) 39 S.W. (2d) 1085; Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6; Kluth v. Kirkpatrick (Tex. Civ. App.) 238 S. W. 260.

■ The trial court did not err in sustaining appellee's exception to appellant's cross-action on the ground that the pleadings showed upon their face that appellant's right to recover the several sums claimed by him was barred by the two-year statute of limitation.

Appellant's cause of action as pleaded by him was not evidenced by an instrument in writing. The only instrument in writing referred to in the pleadings was a settlement agreement between the parties, which was referred to in the cross-action for the purpose of showing that it did not include the several items set out in the cross-action and for which plaintiff sought recovery therein.

Appellant's suit not being brought upon, nor evidenced by, any written instrument, his right to recover was barred by our two-year statute of limitation.

The case of Greer v. Gill, 13 Tex. Civ. App. 380, 35 S. W. 328, 329, announces the rule which we think applicable to the instant case. In that case suit was instituted against a chattel mortgagee, claiming that said mortgagee had made a sale of the mortgaged property after the mortgaged debt had been fully discharged. The suit was instituted within four years after the date the chattel mortgage was executed, but more than two years after the wrongful sale had been held. In holding that the two-year statute of limitation was applicable, the court said: "We are of the opinion that defendants' assignment of error to the effect that the court below should have found that plaintiffs' demand was barred by the statute of limitations of two years, as pleaded by defendants, should be sustained. The only reply appellees make to the assignment is that their suit was upon a written contract, and that the four-years statute would apply to the demand. The demand, as set up by plaintiffs' pleadings, is not upon a written obligation, but in the nature of a suit for conversion. We are not in doubt as to the question that the four-years statute does not apply."

It follows from these conclusions that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.