Millicent **CURRY**, Plaintiff-Appellant,

v.

Sheriff Jack **HEARD**, et al., Defendants-Appellees.

No. 86–6005
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 16, 1987.
Rehearing Denied July 23, 1987.

Jacqueline Taylor, Houston, Tex., for plaintiff-appellant.

Ann Hardy, Asst. Co. Atty., Houston, Tex., for defendants-appellees.

Before REAVLEY, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Millicent Curry appeals from the district court's dismissal of her complaint. We vacate the district court's judgment and remand.

## I. Facts and Procedural History

In her complaint, plaintiff Millicent Curry alleges that she was an inmate in the central jail for Harris County, Texas, beginning about September 14, 1981. She alleges that she was pregnant at that time and that the failure to provide reasonable medical assistance and other conditions in the jail caused her to lose her baby, among other injuries.

Curry filed her complaint in federal district court on September 2, 1983. At the same time, early September 1983, in apparent reliance on Federal Rule of Civil Procedure 4(c)(2)(C)(ii),[1] Curry mailed a copy of the complaint to defendant Sheriff Heard of Harris County. Curry neglected to include a summons in her mailing to Sheriff Heard. Noting the absence of a summons, Sheriff Heard did not respond.

Curry, apparently still unaware of the missing summons, wrote to Sheriff Heard, asking whether his failure to file an answer was due to mistake or oversight on his part. She received no response. Eventually, Curry moved the district court for entry of a default judgment, and the district court ordered Sheriff Heard to show cause why the court should not grant Curry's motion. In response, Sheriff Heard complained that Curry had failed to mail a summons to him along with the complaint. Curry, realizing her omission, then requested that the district court amend process pursuant to Federal Rule 4(h).[2]

The district court instead ordered that Curry's complaint be dismissed. Applying the Texas two-year statute of limitations[3] and the Texas equitable doctrine of tolling, the district court determined that the period of limitation had run. The court ruled that, because Curry's claims were time-barred, amendment of process under Federal Rule 4(h) would be futile. Curry appeals.

## II. Discussion

This case requires the application and adaptation of Texas tolling doctrine, developed in the context of Texas court procedure, to the context of federal court procedure.

In order to toll the Texas statute of limitations, two requirements must generally be met within the period of limitation: (1) The plaintiff's petition (or complaint) must be filed in the office of the clerk, and (2) a citation, which "shall be accompanied by a copy of plaintiff's petition,"[4] must be issued by the clerk and served upon the defendant by an authorized officer.[5] *See* *Liles v. Phillips*, 677 S.W.2d 802, 808–09 (Tex.App.—Fort Worth 1984, writ ref'd n.r.

---

1. The Rule provides:

   (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

   . . . .

   (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served. . . .

2. The Rule provides:

   At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial

rights of the party against whom the process issued.

3. Texas Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958, 5th reprint 1979) (current version at Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986)) provides:

   There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description. . . .

4. Tex.R.Civ.P. 101.

5. *See* Tex.R.Civ.P. 103.

e.); *Roper v. Jeoffroy Mfg., Inc.*, 535 S.W.2d 706, 707 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Under the Texas equitable doctrine of tolling, the above tolling rule is satisfied alone by filing the petition within the period of limitation so long as the plaintiff approximates the rule's second requirement by using "diligence in procuring the issuance and service of citation," even though the citation is in fact first issued and served after the period of limitation. *Rigo Manufacturing Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970); *see also Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975); *City of Gainesville v. Harder*, 139 Tex. 155, 162 S.W.2d 93, 95 (1942).

In the present case, the district court implicitly held that the statute of limitations was not tolled by the September 1983 filing of Curry's complaint and service of process under Federal Rule 4(c)(2)(C)(ii) because a summons was missing from that service of process. The district court explicitly held that the statute was not tolled under the Texas equitable doctrine of tolling because "Plaintiff did not exercise diligence to secure the necessary summons to effectuate proper service of process."

Curry relies upon *Fluor Engineers and Constructors, Inc. v. Southern Pacific Transportation Co.*, 753 F.2d 444 (5th Cir. 1985), in urging a contrary result. In *Fluor*, one defendant, the Southern Pacific, in its answer to the plaintiff's complaint, had asserted a cross-claim against another defendant, the Norfolk & Western. The Southern Pacific's answer had been filed within the Texas period of limitation applicable to its cross-claim against the Norfolk & Western. 753 F.2d at 447. Thus, the first requirement—filing within the period—for tolling the statute of limitations had been met. The second requirement, however, had not been met because the Southern Pacific had first served the cross-claim upon the Norfolk & Western after the period of limitation. Moreover, this postperiod service of process had been without a summons. *Id.*

Nevertheless, the district court in *Fluor* had found that the Southern Pacific's postperiod service of process, though defective for lack of a summons, had been diligent. In an alternate holding, this Court ruled that the diligent, though defective, postperiod service of process, together with the in-period filing of the complaint, satisified the Texas equitable doctrine of tolling. *Id.* at 449 n. 6. On the other hand, the defect in the service of process could be cured by amendment pursuant to Federal Rule 4(h). *Id.* at 449–50.

If postperiod, albeit defective service of process will, with equity's helping hand, satisfy the tolling rule's second requirement then the instant in-period service of process bearing that same defect must satisfy the tolling rule even without equity's assistance. It must be remembered that equity cured the deficient timing of service of process, not the defect in that service, in *Fluor*. The Rule 4(h) amendment cured the defect. On the other hand, the instant service of process labors under no deficiency of timing.

This resolution of the present tolling question is reasonable from another perspective. The *Fluor* opinion equates in-period service of process—not just service of a summons—under the Federal Rules with the tolling rule's requirement of in-period issuance and service of citation under the Texas Rules. *See id.* at 449 n. 6.[6] Under the Texas Rules, unless a citation is issued and served, the defendant in most cases is unlikely to receive notice of the plaintiff's petition. This is so because the petition reaches the defendant's hands by accompanying the citation, and service of the citation is generally entrusted to an authorized officer.[7] Without a citation an officer has no occasion to serve the petition. Thus, the

---

**6.** Indeed, not all the Texas cases speak of the service of citation, but more generally of service of process. *E.g., First State Bank & Trust Co. v. Ramirez*, 133 Tex. 178, 126 S.W.2d 16, 18 (Comm'n App.1939).

**7.** *See supra* at 131, n. 5; *see also* 2 R.W. McDonald & F.W. Elliot, Texas Civil Practice in District and County Courts § 9.11, at 350–51 (1982 rev.).

Texas courts, when they speak of the tolling rule's second requirement, understandably speak of the issuance and service of a citation. Under the Federal Rules, service of process may be entrusted to a party. That party may well serve, as did Curry, a copy of the complaint upon an opposing party, even though the serving party has neglected to have issued and to serve a summons. When that happens, it seems reasonable to say that the in-period service of process, though defective for lack of a summons, satisfies the tolling rule's requirement of in-period issuance and service of a citation.[8] Of course, the action may not proceed unless that defect is somehow cured, but the statute of limitations has been tolled.

### III. *Conclusion*

Having cleared away the district court's time-bar and, with it, the futility impediment to consideration of Curry's motion for Rule 4(h) amendment, we vacate the district court's judgment and remand for consideration of that motion and further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.

---

8. *Cf. Ley v. Ley,* 62 S.W.2d 503, 505 (Tex.Civ. App.—Galveston 1933, writ dism'd w.o.j.) (requiring, not issuance and service of citation, but notice to defendant); *see generally Price v. Estate of Anderson,* 522 S.W.2d 690, 692 (Tex. 1975); *Castro v. Harris County,* 663 S.W.2d 502, 505–06 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.); *Buie v. Couch,* 126 S.W.2d 565, 566 (Tex.Civ.App.—Waco 1939, writ ref'd).