ACCEPTED
01-15-00378-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 4:15:11 AM
CHRISTOPHER PRINE
CLERK

| | |
|---|---|
| **AC INTERESTS, L.P. FORMERLY AMERICAN COATINGS, L.P.** **Appellant** **v.** **TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,** **Appellee** | § § § § § § § § § **FIRST COURT OF APPEALS** **OF TEXAS** **HOUSTON, TEXAS** **CAUSE NO. 01-15-00378-CV** |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 4:15:11 AM
CHRISTOPHER A. PRINE
Clerk

**APPELLANT'S BRIEF FOR NOTICE OF APPEAL OF CAUSE NO. D-1-GN-14-005160**

**FROM THE 345th JUDICIAL DISTRICT**

**To the Honorable Justices**

Appellant AC Interests L.P., formerly American Coatings, L.P., Plaintiffs in the court below, respectfully submits this amendment to its brief in appeal of the 91a motion to dismiss granted in favor of Appellee, Texas Commission on Environmental Quality ("TCEQ"). TCEQ's plea alleged that, AC Interests ("Appellant") did not serve citation in a timely manner. The original notice of appeal was filed on April 2, 2015. The above cause was received and filed in the 1st Court of Appeals from the 3rd Court of Appeals, pursuant to a Supreme Court Transfer Order issued March 24, 2015.

Because AC Interests filed their original petition citing to the TEX. WATER CODE they properly served citation on TCEQ, within the one year timeframe allowed by statute. To summarize the Appellant's Brief, because the Appellant fulfilled statutory requirements, the district court's order should be reversed.

1

## Background

The FIRST COURT OF APPEALS notice dated April 23, 2015 states:

On April 23, 2015 the certified clerk's record was filed. If the clerk's record is incomplete, appellant or any other party should seek to supplement the record. Tex. R. App. P. 34.5(c). If there is no reporter's record or if the reporter's record has already been filed, appellant's brief is due 30 days from this date; if it is an accelerated appeal, appellant's brief is due 20 days from this date. Tex. R. App. P. 38.6(a). All motions or other documents (i.e., briefs) filed with the Court must comply with Tex. R. App. P. 9.

This appeal is not an accelerated appeal; therefore, the due date is May 23, 2015.

## Statement of the Case

This case involves an appeal from the district court's dismissal of a case on grounds of a 91a motion to dismiss. TCEQ's motion to dismiss was based on the erroneous premise that the Clean Air Act is controlling and the Texas Water Code should not be taken into account. The argument ignores the fact that the Water Code was cited to in the original petition and even with the Clean Air Act the appellant can serve citation after the 30 day period with a showing of good and sufficient cause for the delay.

## Issues Presented

In issuing its Order granting the TCEQ's 91a motion to dismiss and dismissing Appellant's case, the district court committed errors of law because:

1.  AC Interests properly served citation to the TCEQ within one year of filing the petition as allowed by the TEX. WATER CODE.

    a.  The Texas Legislature purposefully removed the provision of 30 day service of citation from the TEX. WATER CODE.

2.  Applying a 30 day timeframe to serve the TCEQ unduly harmed the Appellant

3.  Appellant can show that, even if the Clean Air Act is the controlling statute, that Appellant had good and sufficient cause for the delay in service of citation.

4.  Granting the 91a motion to dismiss is denying the Appellant a vested property right.

## Summary of the Argument

The court erred in granting TCEQ's 91a motion to dismiss. They erred in granting the motion for three reasons, (1) the court looked to the Clean Air Act as opposed to the TEX. WATER CODE as the original petition was filed citing to the TEX. WATER CODE, (2) applying a 30 day timeframe to serve citation on the defendant unduly harmed the appellant, AC Interests, (3) even if the court thinks it is appropriate to apply the Clean Air Act and ignore the TEX. WATER CODE, appellant can show good and sufficient cause for the delay, and (4) the

Appellant has a vested property right in the emission credits.

The standard of review is de novo, meaning the appellant court can substitute their judgment of whether or not the lower court held correctly in saying that the plaintiff's claim had no basis in law or in fact. The court, "must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014), reh'g overruled (Oct. 9, 2014).

Ac Interests should be allowed to move forward with their claim for emission credits. They will be able to show that they have complied with the TCEQ's standards to receive emission credits. AC Interests is being unduly harmed by being denied the opportunity to petition for the emission credits that they have earned by emitting fewer toxins into the water and air. The statute that should be examined is the Water Code as the Clean Air Act unduly harms the plaintiff.

The court granting TCEQ's 91a motion to dismiss is keeping the appellant from obtaining the emission credits that they have earned and that they are entitled as well as denying them a vested property right.

## Argument

The issue before this Court is whether the district court was correct in

granting TCEQ's 91a motion to dismiss based on service of citation not being

within 30 days of Appellant filing their petition.

1. **The court erred in granting TCEQ's 91a motion to dismiss because the Water Code allows for a one year time period to serve citation.**

Pursuant to TEX. WATER CODE §5.353, there is a one year time limit on

service of process, "If the plaintiff does not secure proper service of process

(pursuant to §5.351) or does not prosecute his suit within one year after it is filed,

the court shall presume that the suit has been abandoned."[1]  TEX. WATER CODE

§5.351 was ignored in the 91a motion to dismiss.  The TEX. WATER CODE

should be controlling because the original petition said this suit was being filed

under the TEX. WATER CODE.  As the time frame is 1 year under the TEX.

WATER CODE the citation was served in a timely manner; therefore there is a

basis in law and in fact.

Imposing a 30 day timeframe in which to serve citation unduly harms that

plaintiff as the Water Code is clear that AC Interests had one year to secure proper

service of process. Appellant served citation on the TCEQ well within the one year

timeframe. In addition, the Appellee had constructive knowledge that a suit had

been filed on December 12, 2014, two days after Appellant electronically filed

their petition.

---

[1] *Hill v. Lower Colorado River Auth.*, 568 S.W.2d 473, 477 (Tex. Civ. App.—Austin 1978), writ refused NRE (Nov. 15, 1978) (quoting TEX. WATER CODE §5.351).

### a. The Texas Legislature purposefully removed the provision of 30 day service of citation from the TEX. WATER CODE.

The 61st Legislature (1969) decided upon having a 30 day service of citation for the Texas Clean Air Act. This compares with the Water Code which had a 30 day service of citation included from the 60th Legislature (1967) , the Clean Air Act containing a 30 day service of citation provision is indication that the Legislature looked to the Water Code when drafting the Clean Air Act. In 1971, the 62nd Legislature in the Water Code dropped the requirement for service of citation within 30 days. Therefore, the Diligent Prosecution of Suit becomes the later legislative pronouncement over the 30 Day Service of Citation requirement. Refer to Attachment 1 to Appellant's Brief for Notice of Appeal of Cause No. D-1-GN-14-005160 from the 345th Judicial District. Attachment 1 is herewith made a part of this Appellant's Brief.

The purpose behind service of citation is so that the defendant is aware of the lawsuit and the court can establish personal jurisdiction. There is no question that the court has jurisdiction over a Texas governmental agency. There is also no question that TCEQ was aware of the proceedings against them as they were hand delivered a copy of the petition. The requirement for service of citation within 30 days is redundant. The Legislature chose to end the redundancy by amending the Water Code to no longer have a provision regarding service of

citation.[2]

The TEX. WATER CODE §5.353 contains a provision stating, "If the plaintiff does not secure proper service of process or does not prosecute his suit within one year after it is been filed the court shall presume that the suit has been abandoned."[3] There is no direct timeframe attached to service of process, but the wording of the statute indicates that the "within one year" applies to service of process as well has prosecuting the suit. The Texas Legislature chose to remove that portion of the TEX. WATER CODE that required service of citation to be accomplished within 30 days. The Texas Water Code is older than the Texas Clean Air Act so the Legislature would have looked to the Water Code when writing the Clean Air Act. In looking for guidance in the Water Code the Legislature would have included a 30 day service of citation provision because that provision was added to the Water Code by the 60th Legislature. It follows that the Legislature would again look to the Water Code for guidance with amending the Clean Air Act and will remove the provision for 30 day service of citation. Removing the provision stating that service of citation must be accomplished within 30 days of filing the petition is clear guidance that the Legislature no longer felt that was a necessity.

---

[2] TEX. WATER CODE
[3] TEX. WATER CODE SECTION 5.353

Service of citation is important in most claims, but claims in which it is a government agency and that agency is constructively aware of the lawsuit filed against them makes service of citation redundant and time consuming. The Texas Legislature removed the provision for service of citation, thus removing the redundancy and saving all parties time.

2. **In the alternative, Appellant can show good cause for citation service being more than thirty days.**

The plaintiff can show good and sufficient cause for the delay in service of citation on the commission. The TEX. WATER CODE and the Texas Clean Air Act §382.032(c) allow for dismissal unless the plaintiff can show, "good and sufficient cause". The plaintiff originally filed this petition under the TEX. WATER CODE and therefore was under the impression that plaintiff had one year to serve citation from time of filing the petition.

In addition, the Appellant used due diligence in serving the citation. *Union Square Fed. Credit Union v. Clay* defined due diligence as, "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served."[4] *Union Square* also states that when due diligence is shown the date of service relates back to when the petition was filed. The Appellant acted as an ordinarily prudent person

---

[4] *Union Square Fed. Credit Union v. Clay*, 2009 Tex. App. LEXIS 2839 (Tex. App. Fort Worth Apr. 23, 2009) (quoting *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007)).

by filing the lawsuit and two days later serving TCEQ a copy of the original

petition.

### 3. Unduly harms AC Interests

TCEQ had constructive knowledge that a suit had been filed on December

12, 2014, two days after Appellant electronically filed their petition. The Court in

*Curry v.* Heard held that any process of service could be amended "unless it clearly

appears that material prejudice would result to the substantial rights of the party

against whom the process issued" *Curry v. Heard*, 819 F.2d 130, 131 (5th Cir.

1987).[5] The court went on to state:

> This resolution of the present tolling question is reasonable from
> another perspective. The Fluor opinion equates in-period service of
> process--not just service of a summons--under the Federal Rules with the
> tolling rule's requirement of in-period issuance and service of citation under
> the Texas Rules. [6] Under the Texas Rules, unless a citation is issued and
> served, the defendant in most cases is unlikely to receive notice of the
> plaintiff's petition. This is so because the petition reaches the defendant's
> hands by accompanying the citation, and service of the citation is generally
> entrusted to an authorized officer.[7] Without a citation an officer has no
> occasion to serve the petition. Thus, the Texas courts, when they speak of
> the tolling rule's second requirement, understandably speak of the issuance
> and service of a citation. Under the Federal Rules, service of process may
> be entrusted to a party. That party may well serve, as did Curry, a copy of
> the complaint upon an opposing party, even though the serving party has
> neglected to have issued and to serve a summons. When that happens, it
> seems reasonable to say that the in-period service of process, though
> defective for lack of a summons, satisfies the tolling rule's requirement of

---

[5] *Curry v. Heard*, 819 F.2d 130, 131 (5th Cir. 1987).

[6] Indeed, not all the Texas cases speak of the service of citation, but more generally of service of process. E.g., First State Bank & Trust Co. v. Ramirez, 133 Tex. 178, 126 S.W.2d 16, 18 (Comm'n App.1939).

[7] See Tex.R.Civ.P. 103; R.W. McDonald & F.W. Elliot, Texas Civil Practice in District and County Courts Sec. 9.11, at 350-51 (1982 rev.)

in-period issuance and service of a citation.[8] Of course, the action may not proceed unless that defect is somehow cured, but the statute of limitations has been tolled.

### III. Conclusion

Having cleared away the district court's time-bar and, with it, the futility impediment to consideration of Curry's motion for Rule 4(h) amendment, we vacate the district court's judgment and remand for consideration of that motion and further proceedings not inconsistent with this opinion.[9]

Under most circumstances the defendant will not know of a lawsuit against them. In this case, TCEQ was more than aware that there was a lawsuit filed against them. In *Fluor Engineers & Constructors, Inc. v. S. Pac. Transp. Co.* the 5th Circuit applied the Federal Rule of Civil Procedure 4(h) and allowed for amendment of process. In this case there is no issue of notice because much like TCEQ they were aware of a suit against them.[10] The Appellant here would be unduly harmed by granting the 91a motion to dismiss when the Appellee had actual knowledge of the suit filed against them. In *Curry* the court applied the Texas equitable doctrine of tolling which stated, "… [the] tolling rule is satisfied alone by filing the petition within the period of limitation so long as the plaintiff

---

[8] *Cf. Ley v. Ley*, 62 S.W.2d 503, 505 (Tex.Civ.App.--Galveston 1933, writ dism'd w.o.j.) (requiring, not issuance and service of citation, but notice to defendant); see generally *Price v. Estate of Anderson*, 522 S.W.2d 690, 692 (Tex.1975); *Castro v. Harris County*, 663 S.W.2d 502, 505-06 (Tex.App.--Houston [1st Dist.] 1983, writ dism'd w.o.j.); *Buie v. Couch*, 126 S.W.2d 565, 566 (Tex.Civ.App.--Waco 1939, writ ref'd).

[9] *Curry*; at 130-132.

[10] *Fluor Engineers & Constructors, Inc. v. S. Pac. Transp. Co.,* 753 F.2d 444, 449 (5th Cir. 1985).

approximates the rule's second requirement by using "diligence in procuring the issuance and service of citation."[11] The court held that service can be diligent even if it is defective.

## 4. Granting the 91a motion to dismiss denies the Appellant a vested property right.

The Appellant is entitled to judicial review with regard to the emission credits because they are a vested property right. As held in *Cont'l Cas. Ins. Co. v. Functional Restoration Associates*, 19 S.W.3d 393, 397 (Tex. 2000) held, "there is no right to judicial review of an administrative order… unless the order adversely affects a vested property right or otherwise violates a constitutional right."[12] The Appellant is entitled to judicial review in this case because the 91a motion to dismiss is adversely affecting their vested property right in the emission credits.

## Prayer and Conclusion

WHEREFORE, Appellant requests that a hearing with oral arguments be held, and that on final hearing hereof, Appellant have judgment of the Court as follows. Because Appellant established that citation was served within the allowed timeframe in the TEX. WATER CODE. AC Interests has shown due diligence and the 30 day timeframe should be tolled. Appellant respectfully asks the court to

---

[11] *Curry*; at 132.
[12] *See also*, KEM Tex., Ltd. v. Tex. DOT, 2009 Tex. App. LEXIS 4894 (Tex. App. Austin June 26, 2009) (quoting *Cont'l Cas. Ins. Co. v. Functional Restoration Associates*, 19 S.W.3d 393, 397 (Tex. 2000)).

reverse the district court's ruling on granting the 91a motion to dismiss.

Appellant reserves the right to amend this Appellant's Brief as permitted under the Texas Rules of Civil Procedure. Appellant respectfully asks the court to award Appellant costs incurred together with all other relief to which Appellant may be entitled.

Respectfully submitted,

> The Law Office of C. William Smalling, PC
> 1700 Post Oak Blvd., 2 BLVD Place, Suite 600
> Houston, TX 77056
> Tel: (713) 513 7153
> Fax: (866) 738 0042
>
>
> By:__Bill Smalling__
> May 19, 2015_____
> C. William Smalling
> State Bar No. 24075086
> bsmalling@billsmallinglaw.com
> Attorneys for Plaintiff

.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the following via hand delivery, express mail, electronic mail, facsimile, and/or U.S. First Class Mail, on or before the 19th day of May, 2015.

1. The Commission represented by Cynthia Woelk, Assistant Attorney General,  Texas Attorney General, Environmental Protection Div. (MC-066), P.O. Box 12548, Austin, Texas 78711-2548, Vox: (512) 463-2012, Fax: (512) 320-0911. Delivery Address: Office of the Attorney General, 300 W. 15th Street, Austin, TX 78701.

Copies of this Appellant's Brief have been sent by U.S. certified mail, return receipt requested, to each of the parties as indicated on the attached Certificate of Service.

> The Law Office of C. William Smalling, PC
> 1700 Post Oak Blvd., 2 BLVD Place, Suite 600
> Houston, TX 77056
> Tel: (713) 513 7153
> Fax: (866) 738 0042
>
>
> By:__Bill Smalling__
> May 19, 2015_____
> C. William Smalling
> State Bar No. 24075086
> bsmalling@billsmallinglaw.com
> Attorneys for Plaintiff.

| AC INTERESTS, L.P. FORMERLY | § | FIRST COURT OF APPEALS |
| AMERICAN COATINGS, L.P. | § | OF TEXAS |
| Appellant | § | |
| v. | § | HOUSTON, TEXAS |
| | § | |
| TEXAS COMMISSION ON | § | CAUSE NO. 01-15-00378-CV |
| ENVIRONMENTAL QUALITY, | § | |
| Appellee | § | |

## ATTACHMENT 1 TO APPELLANT'S BRIEF FOR NOTICE OF APPEAL OF CAUSE

## NO. D-1-GN-14-005160 FROM THE 345th JUDICIAL DISTRICT

**1969 GENERAL AND SPECIAL LAWS OF THE STATE OF TEXAS**
Passed By The
REGULAR SESSION of the
SIXTY-FIRST LEGISLATURE
Convened at the City of Austin, January 14, 1969 and Adjourned June 2, 1969
61ST LEGISLATURE-REGULAR SESSION
"SUBCHAPTER F. JUDICIAL REVIEW
**1969 CLEAN AIR ACT-REVISION**
**CHAPTER 273**
**S. B. No. 48**
An Act amending, revising, and rearranging the Clean Air Act of Texas, 1967
(Article 4477-5, Vernon's Texas Civil Statutes), to improve the. structure
of the Act and to provide for more effective control of the quality of the
air resources in this state; changing the comoosition ~n~ establishing
the terms of office of the members of the board; prov1d1ng for severability;
and declaring an emergency.
*Be it enacted by the Legislature of the State of Texas:*
Section 1. Chapter 727, Acts of the 60th Legislature, Regular Session,
1967 (Article 4477-5, Vernon's Texas Civil Statutes), is amended to read
as follows:

**Appeal of board action**
"Section 6.01. (a) A person affected by any ruling, order, decision, or
other act of the board may appeal by filing a petition in a district court of
Travis County.
"(b) The petition must be filed within thirty days after the date of the
board's action, or, in case of a ruling, order or decision, within thirty
days after its effective date.
"(c) Service of citation on the board must be accomplished within
thirty days after the date the petition is filed. Citation may be served on
the executive secretary or any member of the board.

" ( d) The plaintiff shall pursue his action with reasonable diligence. If the plaintiff does not prosecute his action within one year after the action is filed, the court shall presume that the action has been abandoned. The court shall dismiss the suit on a motion for dismissal made by the attorney general unless the plaintiff, after receiving due notice, can show good and sufficient cause for the delay.

"(e) In an appeal of a board action other than cancellation or suspension of a variance, the issue is whether the action is invalid, arbitrary, or unreasonable.

"(f) An appeal of the cancellation or suspension of a variance shall be tried in the same manner as appeals from the justice court to the county court."

**Approved May 22, 1969.**

**Effective Sept. 1, 1969, 90 days after date of adjournment.**

**1969 WATER QUALITY ACT-REVISION**
**CHAPTER 760**
**S. B. No. 147**
**An Act amending, revising, and rearranging the Texas Water Quality Act of 1967 (Article 7621d-1, Vernon's Texas Civil Statutes), to Improve the structure of the Act and to provide for more effective control of water quality in this state; continuing the current board members In office; providing for sever. ability; and declaring an emergency.**

*Be it enacted by the Legislature of the State of Texas:*

Section 1. Chapter 313, Acts of the 60th Legislature, Regular Session, 1967 (Article 7621d-1, Vernon's Texas Civil Statutes), is amended 4 to read as follows:

61st legislature SB147(1969) "Subchapter F. Judicial Review

**Appeal of board action**

**"See. 6.01.** (a) **A** person affected **by** any ruling, order, decision, or other act of the board may appeal **by** filing a petition in a district court of Travis County.

**"(b)** The petition must be filed within **30** days after the date of the board's action, or, in the case of a ruling, order, or decision, within **30** days after its effective date.

**"(c)** Service of citation on the board must be accomplished within **30** days after the date the petition is filed. Citation may be served on the executive director or the deputy director.

**"(d)** The plaintiff shall pursue his action with reasonable diligence. If the plaintiff does not prosecute his action within **18** months after the action is filed, the court shall presume that the action has been abandoned. The court shall dismiss the suit on a motion for dismissal made **by** the attorney general unless the plaintiff, after receiving due notice, can show good and sufficient cause for the delay.

"(e) In an appeal of a board action other than cancellation or suspension of a permit, the issue is whether the action is invalid, arbitrary, or unreasonable.

**"(f)** An appeal of the cancellation or suspension of a permit shall be tried in the same manner as appeals from the justice court to the county

court."

**Passed the Senate on April 25, 1969: Yeas 27, Nays 0; May 23, 1969,
Senate refused to concur in House amendments and requested appointment
of Conference Committee; May 23, 1969, House granted
request of the Senate; May 27, 1969, Senate adopted Conference
Report: Yeas 29, Nays 0; passed the House on May 21, 1969, with
amendments: Yeas 137, Nays 7; May 23, 1969, House granted request
of the Senate for appointment of Conference Committee; May
30, 1969, House adopted Conference Report by a non-record vote.
Approved June 14, 1969.
Effective Sept. 1, 1969, 90 days after date of adjournment.**


**1971 WATER CODE CHAPTER 581**
**H. B. No. 343**
**An Act adopting the Water Code, a formal revision of the general and permanent
statutes relating to water rights, water development, water quality control,
river compacts, and general law districts; repealing the statutes replaced
by the code; and declaring an emergency.**
*Be it enacted by the Legislature of the State of Texas:*
Section 1. Adoption of Code. The Water Code is adopted to read as
follows:
**TEXAS** 62nd legislature HB 343(1971)
**Section 6.101. Judicial Review of Commission Acts**
(a) A person affected by a ruling, order, decision, or other act of the
commission may file a petition to review, set aside, modify, or suspend
the act of the commission.
(b) A person affected by a ruling, order, or decision of the commission
must file his petition within 30 days after the effective date of the ruling,
order, or decision. A person affected by an act other than a ruling,
order, or decision must file his petition within 30 days after the date the
commission performed the act. (R.S. Art. 7477, Sec. 12(a), sen. 1, as
amended.)
§ 6.102. Remedy for Commission Inaction
A person affected by the failure of the commission to act in a reasonable
time on an application to appropriate water, or to perform any other
duty with reasonable promptness, may file a petition to compel the commission
to show cause why it should not be directed by the court to take
immediate action. (R.S. Art. 7477, Sec. 12(a), sen. 2, as amended.)
§ 6.103. Diligent Prosecution of Suit
The plaintiff shall prosecute with reasonable diligence any suit brought
under Section 6.101 or 6.102 of this code. If the plaintiff does not secure
proper service of process, or does not prosecute his suit within one year
after it is filed, the court shall presume that the suit has been abandoned.
The court shall dismiss the suit on a motion for dismissal made
by the attorney general unless the plaintiff after receiving due notice can
show good and sufficient cause for the delay. (R.S. Art. 7477, Sec.
12(a), sen. 4, 5, 6, as amended.)
Passed by the House on March 2, 1971: Yeas 140, Nays 2 and 1 present
not voting; and that the House concurred in Senate amendments March

29, 1971, by a non-record vote; passed by the Senate, as amended, on
March 24, 1971, by a viva-voce vote.
**Approved April 12, 1971.**
**Effective Aug. 30, 1971, 90 days after date of adjournment.**

Respectfully submitted,

> The Law Office of C. William Smalling, PC
> 1700 Post Oak Blvd., 2 BLVD Place, Suite 600
> Houston, TX 77056
> Tel: (713) 513 7153
> Fax: (866) 738 0042
>
>
> By:__Bill Smalling__
> May 19, 2015_____
> C. William Smalling
> State Bar No. 24075086
> bsmalling@billsmallinglaw.com
> Attorneys for Plaintiff

.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served

on the following via hand delivery, express mail, electronic mail, facsimile, and/or

U.S. First Class Mail, on or before the 19th day of May, 2015.

1. The Commission represented by Cynthia Woelk, Assistant Attorney

General, Texas Attorney General, Environmental Protection Div. (MC-

066), P.O. Box 12548, Austin, Texas 78711-2548, Vox: (512) 463-2012,

Fax: (512) 320-0911. Delivery Address: Office of the Attorney General, 300

W. 15th Street, Austin, TX 78701.

Copies of this Appellant's Brief Attachment 1 have been sent by U.S. certified

mail, return receipt requested, to each of the parties as indicated on the attached

Certificate of Service.

The Law Office of C. William Smalling, PC
1700 Post Oak Blvd., 2 BLVD Place, Suite 600
Houston, TX 77056
Tel: (713) 513 7153
Fax: (866) 738 0042


By:__Bill Smalling__
May 19, 2015_____
C. William Smalling
State Bar No. 24075086
bsmalling@billsmallinglaw.com
Attorneys for Plaintiff.