**Opinion issued February 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00378-CV

_____

**AC INTERESTS L.P., FORMERLY AMERICAN COATINGS, L.P.,**
**Appellant**

**V.**

**TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, Appellee**

---

**On Appeal from the 345th District Court**
**Travis County, Texas[1]**
**Trial Court Case No. D-1-GN-14-005160**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. Misc. Docket No. 15-9054 (Tex. March 24, 2015); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005) (authorizing transfer of cases). Because the Austin Court of Appeals has ruled on the legal issues before this Court, we apply the precedent of that court. *See* TEX. R. APP. P. 41.3 (requiring reviewing court to "decide the case in accordance with the precedent of the transferor court"). We do not separately determine if precedent from this Court would result in the same outcome. *See id.* (permitting reviewing courts to address whether outcome would be different under precedent of reviewing court).

## MEMORANDUM OPINION

AC Interests L.P. filed suit against the Texas Commission on Environmental Quality (the "TCEQ"). The TCEQ filed a motion to dismiss based on AC Interest's failure to serve it with process within 30 days. The trial court granted the motion. On appeal, AC Interests argues the trial court abused its discretion by granting the motion to dismiss.

We affirm.

## Background

AC Interests applied for certification of emission credits with the Office of Air division of the TCEQ. AC Interests alleged that the TCEQ denied its application. AC Interests filed suit against the TCEQ on December 10, 2014. Forty-eight days later, the TCEQ filed a motion to dismiss, alleging that AC Interests was required to serve it within 30 days of filing suit and that, as of that date, it has not been served with process. Ten days later, AC Interests served the TCEQ with process. In its response to the motion, AC Interests asserted various reasons for why its failure to serve the TCEQ with process should not result in dismissal. The trial court granted the dismissal.

## Rule 91a Motion to Dismiss

This appeal concerns whether the trial court erred by dismissing AC Interests's claim against the TCEQ. The TCEQ styled its motion as a Rule 91a motion to dismiss, and both parties refer to it as such. *See* TEX. R. CIV. P. 91a. The motion, however, is not governed by Rule 91a.

Under Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. This determination is made entirely on the pleadings, along with permitted exhibits attached to the pleadings, and no further evidence is considered. TEX. R. CIV. P. 91a.6. The TCEQ's motion argued that AC Interests had failed to serve it with process within the permissible time required by law after suit had been filed. This is not a matter that can be resolved by looking only at the allegations in the pleadings.

It is a general principle of law that courts consider a motion based on its substance not its title. *Sierra Club v. Tex. Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.). The Austin Court of Appeals has held that failure to serve the TCEQ within the prescribed time for claims containing deadlines for service can support a motion to dismiss. *See TJFA, L.P. v. Tex. Comm'n on Envtl. Quality*, 368 S.W.3d 727, 737–38 (Tex. App.—Austin 2012, pet. denied). Accordingly, we treat the TCEQ's motion as a more general motion to dismiss and review whether granting the motion was proper.

## Motion to Dismiss

In its sole issue on appeal, AC Interests argues the trial court abused its discretion by granting the motion to dismiss.

### A. Standard of Review

Typically, motions to dismiss are reviewed for an abuse of discretion. *See Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 261 (Tex. App.—Austin 2010, pet. dism'd). In this case, however, the parties' arguments center around the meaning of the applicable statutes. "Statutory construction is a legal question we review de novo." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Unless terms are specifically defined by the legislature, we use the plain and common meaning to the statute's word. *Id.*

### B. Analysis

AC Interests filed suit against the TCEQ on December 10, 2014. In the petition, AC Interests alleged that it had sought certification of emission credits and that the TCEQ's Office of Air had wrongly denied the certification. AC Interests asked the trial court to void the denial of the certification.

Forty-eight days after AC Interests filed suit, the TCEQ filed a motion to dismiss, alleging that it had not been served with process within 30 days. It argued that AC Interests was required by law to serve it with process within 30 days of filing

suit. The TCEQ argued that, due to AC Interests's failure to serve it with process, the trial court was required to dismiss the suit against it.

In its response, AC Interests implicitly acknowledged that it had not formally served the TCEQ with process within 30 days.[2] It argued dismissal was not proper because, among other things, the TCEQ had actual knowledge of the suit, the Texas Water Code did not require the TCEQ to be served within 30 days of suit, and it had "good and sufficient cause" for delay.

The trial court granted the motion to dismiss. On appeal, AC Interests reasserts the above-mentioned grounds for why failure to serve the TCEQ with process within 30 days of suit does not require dismissal.

Section 382.032(c) of the Texas Clean Air Act requires, "Service of citation on the [TCEQ] must be accomplished within 30 days after the date on which the petition is filed." TEX. HEALTH & SAFETY CODE ANN. § 382.032(c) (Vernon 2010). In *TJFA*, the Austin Court of Appeals reviewed the effect of a similar provision in the Solid Waste Disposal Act. 368 S.W.3d at 733–38. The plaintiff in that suit opposed the expansion of a landfill near its property. *Id.* at 729. The TCEQ granted the application for the expansion, and the plaintiff filed suit in a trial court. *Id.* The plaintiff gave the TCEQ a copy of the petition but did not serve it with process until

_____

[2] The record reflects that the TCEQ was not served with process until February 6, 2015. This was 58 days after AC Interests filed suit.

5

41 days after suit was filed. *Id.* The TCEQ filed a motion to dismiss based on the failure to serve it with process within 30 days of process. *Id.* The trial court dismissed the suit. *Id.*

The applicable provision of the Solid Waste Disposal Act requires, "Service of citation [on the TCEQ] must be accomplished not later than the 30th day after the date on which the petition is filed." TEX. HEALTH & SAFETY CODE ANN. § 361.321(c) (Vernon 2010). The Austin Court of Appeals considered whether this provision was mandatory, requiring dismissal if the provision was not satisfied. *TJFA*, 368 S.W.3d at 733.

The court recognized, "Statutory provisions that 'are included for the purpose of promoting the proper, orderly and prompt conduct of business' are not generally construed as mandatory . . . particularly when the failure to comply will not prejudice the rights of the interested parties." *Id.* at 734 (quoting *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956)). Nevertheless, the court held that the provision was mandatory. *See id.* at 735. The court reasoned that "the legislature's decision to provide an explicit deadline must be afforded some significance." *Id.* Typically, courts consider whether a plaintiff exercised due diligence in serving the defendant. *Id.* By providing an explicit deadline, the legislature overrode this typical analysis. *Id.*

6

The court gave even greater significance to the fact that the same statute required suit to be filed within 30 days of the TCEQ's ruling, which is a jurisdictional requirement. *Id.* at 735–36 (citing HEALTH & SAFETY § 361.321(c)). Putting the two together "is indicative of the importance that the legislature placed on the service deadline." *Id.* at 736. The court also considered it relevant that another subsection within the same statute allowed consideration of explanations of failure to prosecute the action within one year, while the subsection for service of citation deadline did not. *Id.* at 736–37 (citing HEALTH & SAFETY § 361.321(d)). Finally, the Austin court reasoned that, "[b]y coupling the right to judicial review with a requirement that suits be filed and that service be executed within short deadlines, the legislature has demonstrated its intent to promote the quick resolution of appeals of decisions by the [TCEQ] and to promote the finality of the [TCEQ]'s actions." *Id.* at 737.

All of the reasons supporting the Austin Court of Appeals's decision in *TJFA* are present here. The legislature's variance of the usual due-diligence review in serving the defendant must be afforded some significance. The provision requiring service within 30 days is in the same statute requiring suit to be filed within 30 days of the TCEQ's ruling. HEALTH & SAFETY § 382.032(b), (c). There is also a subsection allowing consideration of explanations of failure to "prosecute the action within one year." *Id.* § 382.032(d). The subsection for service of citation does not have comparable language. *See id.* § 382.032(c).

7

AC Interests argues that this 30-day-service requirement does not apply to it because it is not required under the Texas Water Code. *See* TEX. WATER CODE ANN. §§ 5.351–.357 (Vernon 2008) (provisions concerning seeking judicial review of actions of the TCEQ). AC Interests argues that the Water Code once contained a 30-day-service requirement but the Texas Legislature repealed it in 1971. Because the Water Code predates the Clean Air Act, Appellant argues, "It follows that the Legislature would again look to the Water Code for guidance when amending the Clean Air Act and will remove the provision for 30 day service of citation." Regardless of any future amendments, the Texas Legislature has not removed the requirement in the intervening 44 years.

AC Interests also argues that the Water Code is controlling because its "original petition said this suit was being filed under the Tex[as] Water Code." Its petition contains two citations to the Water Code, both to the same statute. *See* WATER § 5.351 (requiring suit challenging act or decision by TCEQ to be filed within 30 days of act or decision). The remainder of the petition, however, challenges the TCEQ's denial of its application for certification for credits for air pollutant emissions.

As AC Interests asserts, the Water Code contains the provisions establishing and delegating authority to the TCEQ. *See generally* TEX. WATER CODE ANN. §§ 5.001–.315 (Vernon 2008 & Supp. 2014). The Water Code contains a general

8

authority permitting judicial review of acts and decisions of the TCEQ. *Id.* § 5.351. Even so, the Clean Air Act contains the authority for the TCEQ to regulate air emissions. *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 382.001–.510 (Vernon 2010 & Supp. 2014). That act provides the specific authority permitting judicial review of acts and decisions of the TCEQ. *Id.* § 382.032. Under this authority, the TCEQ must be served with process within 30 days filing suit. *Id.* § 382.032(c). We must apply "the traditional statutory construction principle that the more specific statute controls over the more general." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex. 2000). Because AC Interests sought judicial review of matters specifically governed by the Clean Air Act, the specific judicial review statute in that act controls over the general judicial review statute in the Water Code. *See id.*

Next, AC Interests argues that it showed good and sufficient cause for citation being more than 30 days. The 30-day-service provision does not have an exception for good and sufficient cause, however. HEALTH & SAFETY § 382.032(c). This lack of an exception formed part of the Austin Court of Appeals's basis for holding that the comparable provision in the Solid Waste Disposal Act was mandatory. *TJFA*, 368 S.W.3d at 736–37. Accordingly, whether AC Interests had good and sufficient cause for the delay is not relevant to our analysis. *See id.*

9

We likewise find no relevance to AC Interests's argument that the TCEQ had actual knowledge of the suit. "Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.' If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (internal citations omitted). "Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act." *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990). AC Interests's reliance on the Fifth Circuit's rulings in *Curry* does not bear on this analysis because *Curry* concerned application of federal rules for service to requirements for state rules for equitable tolling of a statute of limitations. *See Curry v. Heard*, 819 F.2d 130, 131 (5th Cir. 1987).

Finally, AC Interests argues that dismissal of its suit against the TCEQ denies it a vested property right. As the TCEQ argues, this is not proven in the record. Accordingly, even if this were a basis to avoid dismissal, AC Interests has failed to establish its application.

Applying the precedent of the Austin Court of Appeals,[3] we affirm the trial court's granting the motion to dismiss. We overrule AC Interests's sole issue.

---

3     *See* TEX. R. APP. P. 41.3.

10

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.