**Kenneth KEM, Appellant,**

v.

**David KRUEGER, Appellee.**

No. 18569.

Court of Appeals of Texas, Fort Worth.

Dec. 9, 1981.

Rehearing Denied Jan. 6, 1982.

John D. Crawford, Dallas, for appellant.

Graham & Bright and Thomas J. Colven, III, Dallas, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

### OPINION

JORDAN, Justice.

Suit was instituted by David Krueger against appellant Kenneth Kem and one Tip Johnson d/b/a Johnson Excavation Company for damages done to real property owned by appellee. The allegation was that the defendants, using bull dozers, wood cutting crews and excavation machinery trespassed upon the property, destroying the natural timber, undergrowth, topsoil and contour of the property. The suit claimed that defendant Johnson was the agent of defendant Kem at the time the property was damaged.

On August 15, 1980 the trial court rendered an interlocutory default judgment for $36,000, plus judgment interest in favor of Krueger against appellant. On November 10, 1980, defendant Johnson was nonsuited by appellee and the interlocutory judgment against appellant Kem was made final. Appellant has filed a direct appeal by writ of error to this court attacking the default judgment on the ground that the trial court never acquired jurisdiction of this appellant because the service of citation was defective and void.

We agree, reverse the judgment and remand the cause to the trial court for a trial on true merits.

The citation in this case was issued by the district clerk on March 7, 1980 and was served on appellant on July 8, 1980, one hundred twenty three days after its issuance. The citation did, as required by Tex.R.Civ.P. 101, state thereon that "If this citation is not served within 90 days after date of its issuance, it shall be returned unserved."

Appellant never appeared either in person or by attorney in the trial court until after the final default judgment was entered.

By three points of error appellant simply says that the service on this appellant was void because it was served after 90 days from the date it was issued, that the trial court never acquired jurisdiction of him, and that the default judgment was therefore void.

■ Before a default judgment which is directly attacked by a writ of error may be upheld, it is essential that there be a strict compliance with the rules of civil procedure relating to the issuance of citation, the manner and mode of service, and the return of process. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Mega v. Anglo Iron & Metal Co.*, 601 S.W.2d 501 (Tex.Civ. App.—Corpus Christi, 1980, no writ). In a direct attack upon a default judgment, there are no presumptions of valid issuance, service and return of citation. *McKanna v. Edgar, supra; Johnston v. Johnston*, 575

S.W.2d 610, (Tex.Civ.App.—San Antonio, 1978, no writ); *Mega v. Anglo Iron & Metal Co., supra*. The TEXAS RULES OF CIVIL PROCEDURE relating to the issuance, service and return of citation are usually considered mandatory. Failure to show a strict compliance with the rules will render the attempted service process invalid and of no effect. *McKanna v. Edgar, supra; Lemothe v. Cimbalista*, 236 S.W.2d 681, (Tex. Civ.App.—San Antonio, 1951, writ ref'd.).

*Lemothe v. Cimbalista, supra*, supports appellant's position. In that case appellant was served with citation, issued May 13, 1949, on September 22, 1949, some forty-two days after the citation should have been returned to the clerk of Cameron County. In the case on appeal here appellant was served some thirty-three days after the 90 days from date of issuance, or thirty-three days after the citation should have been returned to the clerk of Denton County. In *Lemothe*, the citation was held to be *functus officio* because it was not served within ninety days after it was issued, as required by rule 101. The court in that case held that the service was void, that appellant was not required to answer, and the default judgment could not stand.

■ The rule of *Lemothe* applies here. The service in this case was void on its face; the trial court did not acquire jurisdiction of appellant, and he was not required to answer the suit. The default judgment is void.

The judgment is reversed and the cause remanded to the trial court for a trial on the merits. Tex.R.Civ.P. 123; *McKanna v. Edgar, supra*.