Winfred M. LEWIS, Appellant,

v.

Lucile LEWIS, Appellee.

No. 10–83–293–CV.

Court of Appeals of Texas,
Waco.

Feb. 29, 1984.

John F. Elder, Callejo & Callejo, Dallas, for appellant.

Gene E. Steed, Groom, for appellee.

Before McDONALD, C.J., and HALL and THOMAS, JJ.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Winfred M. Lewis, defendant, from default judgment finding 2 tracts of property to be community property of defendant and plaintiff and ordering defendant to convey plaintiff an undivided one-half interest in same.

Plaintiff and defendant were divorced in 1973 at which time the trial court approved a property settlement between the parties.

In 1983 plaintiff filed petition and first supplemental petition for judgment nunc pro tunc alleging two parcels of mineral interest located in Oklahoma, were community property of the parties, and were overlooked in the property division and decree of 1973, and sought division of such property. Citation directed to defendant was issued on April 7, 1983, and not served on defendant until July 12, 1983, 96 days after its issuance.

Defendant filed no answer and the trial court rendered default judgment against him September 14, 1983.

Defendant appeals on one point: "The trial court's judgment of September 14, 1983, is void since the trial court never acquired jurisdiction of [defendant]".

■ In order to uphold a default judgment directly attacked, it is essential that there be strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process. *McKanna v. Edgar*, Tex., 388 S.W.2d 927; *Mega v. Anglo Iron & Metal Co. of Harlingen*, CCA (Corpus Christi) NWH, Tex.Civ.App., 601 S.W.2d 501.

Rule 101, TRCP, requires in pertinent part: "The citation shall further direct that if it is not served within 90 days after date of its issuance, it shall be returned unserved".

■ Under Rule 101, TRCP, service of citation upon a defendant within 90 days after it had been issued is mandatory, and citation becomes *functus officio*[1] 90 days after the date of its issuance. *Lemothe v. Cimbalista by Gates*, CCA (San Antonio) Er. Refused, Tex.Civ.App., 236 S.W.2d 681; *Kem v. Krueger*, CA (Fort Worth) NWH, Tex.App., 626 S.W.2d 143.

■ Since service of citation on defendant was 96 days after its issuance, such was ineffective; defendant was not required to answer; and the default judgment must be vacated.

The judgment is reversed and the cause remanded to the trial court for trial on the merits. Rule 123, TRCP; *McKanna v. Edgar*, supra.

REVERSED & REMANDED.

---

**1.** No further force or authority.