**NATIONAL SURETY CORPORATION, Appellant,**

v.

**Patrice P. ANDERSON and John M. Barkley, Jr., Appellees.**

**No. 01–90–00528–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 2, 1991.

Craig M. Shivers, Bellaire, for appellant.

Thomas Herter, Houston, for appellees.

Before SAM BASS, HUGHES and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal by writ of error to set aside a default judgment granted to appellees in an original bill of review proceeding. Appellant raises six points of error; we find its first point of error to be dispositive and do not address the remaining points. We reverse and remand to the trial court.

On January 26, 1983, in cause number 83–08463, appellees sued appellant, under the uninsured motorist provisions of an automobile insurance policy issued by appellant to appellee, John Barkley, Jr., for injuries appellees sustained in an automobile accident.[1]  Appellant filed an answer to appellees' complaint in cause number 83–08463.  On June 24, 1986, the trial court dismissed with prejudice appellees' suit against appellant in cause number 83–08463 as a discovery sanction.  It appears that the appellees' suit against the other parties in cause number 83–08463 was dismissed on April 13, 1987, for want of prosecution.

On October 12, 1987, in cause number 87–46930, appellees filed an original bill of

---

**1.** Appellees also sued other persons in cause number 83–08463 who are not parties to this appeal.

review proceeding, naming appellant as a party, in which they sought to set aside the judgment dismissing their suit against appellant. They reasserted their dismissed cause of action against appellant from cause number 83–08463.[2]

The citation for service on appellant in the bill of review proceeding (cause number 87–46930) was issued on October 14, 1987. The citation directed the officer serving it to return the citation to the court unserved if not served within 90 days from the date of issuance. The citation was served on appellant in cause number 87–46930 on February 1, 1988—107 days after issuance of the citation.

Appellant did not file an answer in cause number 87–46930. After conducting a hearing, the trial court signed a default judgment in cause number 87–46930 setting aside its judgment dismissing with prejudice appellees' suit against appellant in cause number 83–08463 and awarding appellees various damages for personal injuries and property damage. Appellant perfected this appeal by writ of error pursuant to Tex.R.App.P. 45.

Appellant's first point of error asserts the trial court's default judgment is void because appellant was not properly served.

█ Review on appeal by writ of error is restricted to determining, among other things, whether the error complained of is apparent from the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965).

Appellant argues that the citation served on it was void because it was served more than 90 days after its issuance. *See, e.g.*, *Lewis v. Lewis*, 667 S.W.2d 910, 911 (Tex. App.—Waco 1984, no writ) (no answer is required and a default judgment cannot stand where service of citation occurs more than 90 days after the date of issuance of the citation); *Kem v. Krueger*, 626 S.W.2d 143, 144 (Tex.App.—Fort Worth 1981, no

writ) (same). Without citation to any authority, appellees argue that the citation, served on appellant more than 90 days after its issuance, was valid because certain amendments to the Texas Rules of Civil Procedure, which took effect within the 90 day period after issuance of the citation, no longer require service within 90 days of issuance of the citation.

Appellant argues the default judgment should be set aside because the language in the citation, that it should be returned unserved if not served within 90 days of issuance, has the peril of misleading an unsophisticated defendant into believing that it could disregard a citation served more than 90 days after its issuance. Appellant also argues that even if the amendments to the Texas Rules of Civil Procedure apply, the citation is still void because, by containing the language that it should be returned unserved if not served within 90 days of issuance, the citation does not strictly comply with the rule of civil procedure relating to the issuance of a citation. Tex.R.Civ.P. 99. In other words, appellant argues that even if the amendments apply, the citation is void because it misstates the law contained in those amendments. *See McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965) (in order to uphold a default judgment on direct attack, the record must reflect strict compliance with the rules of civil procedure relating to the issuance of citation, the manner and mode of service, and the return of process); *Maritime Serv., Inc. v. Moller Steamship Co.*, 702 S.W.2d 277, 279 (Tex.App.—Houston [1st Dist.] 1985, no writ).

When the citation was issued on October 14, 1987, Tex.R.Civ.P. 101 (Vernon 1979) (hereinafter referred to as rule 101)[3] governed the requisites of a citation, and rule 101 required the citation to direct that it be served within 90 days after the date of issuance or be returned unserved. By or-

---

**2.** In their original petition for a bill of review, appellees alleged that their suit against appellant in cause number 83–08463 was dismissed for want of prosecution on April 13, 1987. However, the transcript indicates that appellees' suit against appellant in cause number 83–08463

was dismissed with prejudice on June 24, 1986, as a discovery sanction.

**3.** Repealed by order of the Texas Supreme Court on July 15, 1987, effective January 1, 1988.

der dated July 15, 1987, the Texas Supreme Court repealed rule 101, and amended Tex. R.Civ.P. 99, effective January 1, 1988, setting out the requirements for the issuance and form of a citation. Tex.R.Civ.P. 99. The amendments to rule 99 omitted the requirement that a citation be returned unserved if not served within 90 days of the date of issuance. *Id.*

■ The general rule is that in the absence of an expressed intention to the contrary, procedural rules adopted by the supreme court are applied to pending litigation, and subsequent steps in the case are controlled by the new rule. *Carney's Lumber Co. v. Lincoln Mortgage Investors,* 610 S.W.2d 838, 840 (Tex.Civ.App.—Tyler 1980, no writ) (procedural rules may apply to actions pending on their effective date, provided no vested right is impaired); *Livingston v. Gage,* 581 S.W.2d 187, 190 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.). Here, the citation was issued prior to the repeal of rule 101 and the amendments to rule 99. Thus, we cannot say that the issuance of the citation was a subsequent step in the pending litigation controlled by the amendments to rule 99.

■ Instead, the only authority this Court has found supports the proposition that the sufficiency of the citation must be determined by the law in force on the date of its issuance. *See ISO Prod. Management 1982, LTD. v. M & L Oil and Gas Exploration, Inc.,* 768 S.W.2d 354, 355 n. 1 (Tex.App.—Waco 1989, no writ) (the sufficiency of a citation, issued on July 1, 1987, would be determined under rule 101 because that was the law in effect on the date of its issuance); *Watts v. City,* 183 S.W.2d 249, 252 (Tex.Civ.App.—El Paso 1944, writ ref'd w.o.m.) (the sufficiency of a citation must be determined by the law in force on the date of its issuance). Therefore, we hold that the validity of the citation in this case must be tested under rule 101.

Because rule 101 applies and appellant was served more than 90 days after issuance of the citation, the citation was void and appellant was not required to answer. *Lewis,* 667 S.W.2d at 911. Therefore, the default judgment should be set aside. *Id.*

■ We also agree with appellant that the language in the citation could mislead a defendant into believing that it could ignore a citation served more than 90 days after its issuance. *Compare Smith v. Commercial Equip. Leasing Co.,* 678 S.W.2d 917, 918 (Tex.1984) (where the citation commanded the person serving it to serve it on defendant in person, but the citation was served by certified mail, return receipt requested; the default judgment had to be set aside because the language in the citation had a potential to mislead a defendant to believe that delivery of the citation in person was required, and would subsequently occur). This is another reason to set aside the default judgment in this case.

■ Appellees argue that since appellant was properly served with the citation and appellant does not challenge the service itself, the default judgment is valid. We disagree, because proper service of a void citation is ineffective. *See ISO Prod. Management 1982 LTD,* 768 S.W.2d at 356 (a citation can be properly served, but still be void).

Appellant's first point of error is sustained.

The judgment is reversed, and the cause is remanded to the trial court.