# IN THE SUPREME COURT OF TEXAS

No. 16-0260

AC INTERESTS, L.P., FORMERLY AMERICAN COATINGS, L.P., PETITIONER,

v.

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

JUSTICE BOYD, joined by JUSTICE JOHNSON, dissenting.

The Texas Clean Air Act provides that a person "may appeal" a Texas Commission on Environmental Quality decision "by filing a petition in a district court of Travis County." TEX. HEALTH & SAFETY CODE § 382.032(a). The petition "must be filed within 30 days after" the decision's effective date, *id.* § 382.032(b), and service of citation on the Commission "must be accomplished within 30 days after the date on which the petition is filed," *id.* § 382.032(c). AC Interests filed this suit to appeal the Commission's decision to deny AC Interests's claim to certain emission-reduction credits. It timely filed its petition within thirty days after the Commission's decision, but it did not serve citation on the Commission until fifty-eight days later. The primary issue is whether AC Interests may pursue the appeal after missing the statute's service-of-citation deadline.

The Court holds that subsection (c)'s deadline is merely "directory," rather than "mandatory," so AC Interests's failure to meet the deadline does not preclude it from pursuing the appeal. *Ante* at ___. The Court agrees that the deadline creates a condition precedent, *ante* at ___, but it identifies no right or duty that is conditioned on the precedent.[1] Under the Court's reasoning, the deadline is a condition precedent that conditions nothing at all. As a result, the deadline means nothing at all. I disagree. The deadline—which subsection (c) says the party "must" meet—must be a condition on *something*, and the only thing it *can* be a condition on is the right to pursue the appeal. The statute's plain language compels that result, and that result promotes the statute's apparent purposes. I would hold that because AC Interests failed to serve citation on the Commission within thirty days, as the statute says a party who wants to appeal a Commission decision "must" do, it cannot pursue this appeal. Because the Court holds otherwise, I respectfully dissent.

## I.
### The Statute's Plain Language

The Clean Air Act prescribes a specific process for those who want to appeal a Commission decision, and it does so by using varying directives—"may," "must," or "shall"—for each step along the way:

- A person "may" appeal the Commission's decision "by filing a petition in a district court of Travis County."[2]

---

[1] "A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) (citing *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976)); *see also Helton v. R.R. Com'n of Tex.*, 126 S.W.3d 111, 119 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ("By not serving Harris with a copy of the petition for judicial review, as mandated by section 2001.176(b)(2) of the APA, however, Helton did not meet a necessary condition on which its right to seek judicial review of the commission's order depended.").

[2] TEX. HEALTH & SAFETY CODE § 382.032(a).

- The petition "must be filed within 30 days" after the decision's effective date.[3]

- Service of citation on the Commission "must be accomplished within 30 days" after the plaintiff files the petition.[4]

- The citation "may" be served on the executive director or any member of the Commission.[5]

- The plaintiff "shall" pursue the action with reasonable diligence.[6]

- The court "shall" presume the action has been abandoned if the plaintiff fails to prosecute the action within one year after the date on which the action is filed.[7]

- The court "shall" dismiss the suit upon the attorney general's motion, unless the plaintiff "can show good cause for the delay."[8]

We need not guess at the meanings of these directives, as the Legislature has defined them in the Code Construction Act. When a statute uses the term "must," it "creates or recognizes a condition precedent," TEX. GOV'T CODE § 311.016(3); when a statute uses the term "shall," it "imposes a duty," *id.* § 311.016(2); and when a statute uses the term "may," it "creates discretionary authority or grants permission or a power," *id.* § 311.016(1). These definitions apply to all statutes "unless the context in which the word or phrase appears necessarily requires a different construction" or "a different construction is expressly provided by statute." *Id.* § 311.016. The Clean Air Act does not provide an alternative meaning for these terms and, contextually,

---

[3] *Id.* § 382.032(b).

[4] *Id.* § 382.032(c).

[5] *Id.*

[6] *Id.* § 382.032(d).

[7] *Id.*

[8] *Id.*

3

nothing compels a contrary conclusion. In the context of the Clean Air Act's procedural provisions, affording these words their statutorily prescribed meaning enforces the orderly administrative process the Legislature provided for claimants to appeal the Commission's decisions. *See* Tex. Health & Safety Code § 382.032.

Applying the definitions the Legislature has provided, I would follow a simple, plain-language approach and construe the statutorily-required process as follows:

– *"May" appeal:* AC Interests had statutory permission to appeal the Commission's decision, and it could exercise that right "by filing a petition in a district court of Travis County," but it was not required to appeal.

– *"Must" file within thirty days:* As a condition precedent to pursuing its appeal, AC Interests was required to file its petition within thirty days after the decision's effective date. If AC Interests failed to file its petition within that time frame, it could not pursue its appeal.

– *"Must" accomplish service of citation within thirty days:* As *another* condition precedent to pursuing its appeal, AC Interests was required to accomplish service of citation within thirty days after filing its petition. If AC Interests failed to effectuate service within that time frame, it could not pursue its appeal.

  – *"May" serve on director or members:* In effecting service, AC Interests had statutory permission to serve the citation either on the Commission's executive director or any Commission member.

– *"Shall" pursue with diligence:* After it completed the first three steps, AC Interests had a duty to prosecute its action with reasonable diligence.

– *"Shall" presume abandoned and "shall" dismiss:* If AC Interests failed to prosecute the appeal within one year, the court had a duty to presume that AC Interests had abandoned the suit—and a duty to dismiss the suit—absent a showing of good cause for the delay.

The Court rejects this construction, at least of the service-of-citation deadline, because the statute does not *expressly* state that the suit will be dismissed if the claimant fails to meet that deadline. *Ante* at ___. According to the Court, even though the statute uses the word "must," even though that word creates a condition precedent, and even though it is therefore "mandatory" under

4

any ordinary understanding, the requirement is merely directory because the statute does not expressly state that AC Interests cannot pursue its appeal if it fails to effectuate service of citation within thirty days.

This Court has struggled for decades—without much meaningful success—to identify a clear standard for determining whether a statutory requirement is "mandatory" or "directory." *See Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956) ("There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory."). We have said that, in general, in determining "whether the Legislature intended a provision to be mandatory or directory, we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001). When the statute expressly states a consequence for noncompliance, of course, the Court's task is simply to apply that consequence. But when the statute fails to expressly state a consequence for noncompliance, our task becomes more difficult. We have concluded that the absence of any stated consequence "may be considered as a circumstance tending to support a directory construction," meaning the statute imposes no consequence for noncompliance. *Chisolm*, 287 S.W.2d at 945. But we have also warned that this holding "does not suggest that when no penalty is prescribed, 'must' is non-mandatory." *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 404 (Tex. 2009).

Ultimately, we have concluded that when "the statute is silent about consequences of noncompliance, we look to the statute's purpose in determining the proper consequence of noncompliance." *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (per curiam); *see Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) ("When the statute is silent, we have looked to

5

its purpose for guidance."). Applying this approach here, I conclude that the Clean Air Act requires timely service of citation as a condition precedent to a suit for judicial review both because the statute's text and context compel that result and because that result best supports the statute's presumed purposes.

## II.
## Text and Context

Reading subsection 382.032(c)'s service-of-citation deadline in context makes dismissal the only logical consequence for noncompliance. Subsections (a), (b), and (c) together stipulate that a person "may appeal" a Commission decision by filing a petition, *but* the petition must be filed within thirty days after the decision, *and* service of citation must be accomplished within thirty days after filing. The Court agrees that a party who misses subsection (b)'s filing deadline "may not appeal," because that deadline is "jurisdictional" and "relates to the very act necessary to establish a claim, right, or benefit under the statute." *Ante* at ___.[9] But according to the Court, a party who misses subsection (c)'s service-of-citation deadline may still appeal because subsection (a) says the party "may appeal" by filing the petition, not by serving the citation. *Ante* at ___. According to the Court, we can only conclude that dismissal is the consequence for failing to timely serve citation by "blindly searching" the statute and then "creating" or "inventing" that consequence. *Ante* at ___.

---

[9] The Court cites to section 311.034 of the Government Code for the proposition that "Filing a timely petition under the statute is a jurisdictional requirement." *Ante* at ___ (citing TEX. GOV'T CODE § 311.034). But section 331.034 actually supports the notion that serving citation and any embedded timing requirements are also jurisdictional requirements. *See* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

I disagree. If, as the Court suggests, merely filing a petition is the sole condition precedent to appeal, then the mere filing of a petition would always be sufficient, and subsection (b)'s deadline for that filing would not be a condition precedent. But if *timely* filing the petition is also a condition precedent to the right to appeal, as the Court agrees it is, then we must read subsections (a) and (b) together to determine the effect of missing that deadline. But then there is no principled reason to read subsection (c)—or to understand its application to subsection (a)—differently from subsection (b) and its application. Even after the plaintiff has filed a petition, the trial court's "jurisdiction is dependent upon citation issued and served in a manner provided for by law," and "[a]bsent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act." *Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex. 1990). Service of citation, in other words, is effectively as "jurisdictional" as the filing of the petition, and equally as "necessary to establish a claim, right, or benefit under the statute." *Ante*, at ___.

A claimant cannot obtain judicial review simply by filing a petition. While subsection (a)—when read alone—says that a person "may appeal by filing a petition," subsection (c) recognizes that inherent in the act of filing a petition is the constitutionally required step of serving process on the named defendant. The "mere filing of the plaintiff's petition is not all that is required to 'commence' the suit," *Owen v. City of Eastland*, 78 S.W.2d 178, 179 (Tex. Comm'n App. 1935) (addressing statutes of limitations), because "those not properly served [with citation] have no duty to act, diligently or otherwise," *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam). Initiating a lawsuit is always a two-step process of filing and serving process, and subsections (b) and (c) impose deadlines on both of those steps.

The Court asserts that subsections (a) and (b) must be read together because both refer to the filing of the petition and subsection (b) simply defines what it means to file a petition as subsection (a) requires. *Ante* at ___. Thus, according to the Court, if you file a petition (as subsection (a) requires) but fail to file it within thirty days (as subsection (b) requires), "you have not filed a petition and, therefore, may not appeal." *Ante* at ___. The statute's language does not support that construction. If you file a petition but fail to file it within thirty days, you have still filed a petition, but you have not filed it timely. Because subsection (b) says you "must" file it timely—making timely filing a condition precedent to appeal—you cannot pursue the appeal even though you have filed a petition. In the same way, because subsection (c) says you "must" timely serve citation on the Commission, you cannot pursue the appeal even though you have timely filed the petition. Without service of citation, the filed petition cannot provide any basis for judicial review. For this reason, I conclude that the statute requires that the consequence for failing to timely serve citation on the Commission is dismissal of the petition seeking judicial review. The person who elects to appeal by filing a petition "must" timely file the petition and "must" timely serve citation, and the consequence for failing to comply with either requirement is simply that the person cannot appeal.

Under the Court's approach, by contrast, the term "must" requires dismissal if the person fails to timely file the petition, but the same term imposes no consequence at all if the person fails to timely serve citation. The Court reasons that, unlike a "jurisdictional requirement, where failure to comply results in dismissal," subsection (c) "does not state a consequence and, importantly, no

consequence is logically necessary." *Ante* at ___.[10] But serving citation *is* jurisdictional, as is any requirement that can be fairly characterized as a "statutory prerequisite." *See* TEX. GOV'T CODE § 311.034. ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The Court's construction improperly renders the service-of-citation deadline completely meaningless. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014) ("We presume the Legislature chose statutory language deliberately and purposefully. We must not interpret the statute 'in a manner that renders any part of the statute meaningless or superfluous.'") (citing *Tex. Lottery Com'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) and quoting *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008)). If AC Interests can pursue this appeal even though it failed to serve citation within thirty days, then it is not true that the claimant "must" accomplish service of citation within thirty days. According to the Court's reading, AC Interests "can," "could," "may," "might," or even "should" serve citation within thirty days, but it cannot be said that it "must" do so, even though that's what subsection (c) in fact says.

The Court attempts to avoid this reality by suggesting that "other possible consequences exist," *ante* at ___, but it cannot identify any other consequences that could apply to the failure to timely serve citation under subsection (c). The only "other consequence" the Court suggests is abatement, *ante* at ___, but it makes no effort to explain how abatement would ever be appropriate to address the late service of citation, and I cannot see how it would. The only "possible"

---

[10] The Court also cites *Roccaforte v. Jefferson County*, 341 S.W.3d 919, 925 (Tex. 2011) for the proposition that "failure to give statutorily required post-suit notice is not jurisdictional." *Ante* at ___. The statute in that case did not address service of citation, but rather general notice. *See Roccaforte*, 341 S.W.3d at 927 ("Roccaforte's claims against the county should not have been dismissed for lack of notice.").

9

consequence that could appropriately result from missing the service-of-citation deadline is the one the statute itself requires by using the word "must": the loss of the right to pursue the appeal. *See, e.g.*, *Edwards Aquifer*, 291 S.W.3d at 404 ("The only penalty the [act at issue] suggests is that late applications will not be considered.").

We have recognized that, when a particular statutory provision imposes a requirement without expressly stating a consequence for noncompliance, other provisions of the same statute may provide guidance as to what the consequence should be. In *Helena Chemical*, for example, although the statute required that a claim for arbitration be filed by a particular time, we concluded that the failure to timely file the claim did not require dismissal because another provision of the statute required trial courts to take into account the arbitrators' findings "as to the effect of delay in filing the arbitration claim." 47 S.W.3d at 494. Here, however, other statutory provisions support the conclusion that the consequence for failing to timely serve citation is dismissal.

First, the Legislature's inclusion of a good-cause exception for delay in subsection (d)—which applies only after a claimant has timely filed its petition and timely served citation—evidences the Legislature's intent that a claimant strictly comply with the filing and service deadlines in subsections (a), (b), and (c), none of which contain a good-cause exception. This is not a novel concept. *See PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004) ("When the Legislature includes a right or remedy in one part of a code but omits it in another, that may be precisely what the Legislature intended. If so, we must honor that difference."). As the court of appeals correctly noted, the thirty-day service provision "does not have an exception for good and sufficient cause." 521 S.W.3d at 63; *see also TJFA, L.P. v. Tex. Com'n on Envtl. Quality*, 368 S.W.3d 727, 737 (Tex. App.—Austin 2012, pet. denied) ("The

10

legislature's decision to not include a provision allowing a party to explain why compliance with the deadline was not achieved is instructive. This seems particularly true in this case in light of the fact that in the very next provision, the legislature afforded parties the ability to explain why their suit should not be dismissed for failure to pursue the claim 'with reasonable diligence.'").

Second, the Legislature's decision to include a specific time period compels the conclusion that dismissal is required, and that decision must be afforded some significance. *See Edwards Aquifer*, 291 S.W.3d at 403 ("The importance of a fixed filing deadline is apparent in the [Edwards Aquifer Authority Act]. The Legislature picked a specific, calendar date by which permit applications were required to be filed."); *TJFA*, 368 S.W.3d at 735 (concluding that an analogous provision regarding service of citation under the Solid Waste Disposal Act was mandatory and that by providing an explicit deadline, "the legislature has indicated its intention to foreclose the possibility of excusing delays between filing and executing service due to diligent efforts at service undertaken by plaintiffs").

Recently, we noted that "absent statutory language to the contrary, a statutorily imposed time period does not allow for substantial compliance." *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 83 (Tex. 2017). In addition, we have recognized that a deadline "is not something one can substantially comply with. A miss is as good as a mile." *Edwards Aquifer*, 291 S.W.3d at 403. And although the Court may be concerned that dismissal is too harsh a remedy, we noted in *BankDirect* that "[s]tatutes that impose timelines naturally burden those who miss them." 519 S.W.3d at 85. When the statute's words are clear, equity must give way to certainty and predictability. This is especially true in the service-of-citation context, which generally requires strict compliance in one form or another. *See Wilson*, 800 S.W.2d at 836; *Uvalde Country Club v.*

11

*Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) ("Moreover, failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect.") (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)).[11]

## III.
## The Statute's Purposes

Even if we concluded that the statute's plain language does not make the timely service of citation a condition precedent to pursuing the appeal, and we were thus required to "look to the statute's purpose in determining the proper consequence of noncompliance," *Albertson's*, 984 S.W.2d at 961, I would reach the same conclusion. In the broadest sense, the Clean Air Act's "policy and purpose is 'to safeguard the state's air resources from pollution by controlling or abating air pollution and emissions of air contaminants.'" *S. Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013) (quoting TEX. HEALTH & SAFETY CODE § 382.002(a)).

---

[11] *See also Wilson*, 800 S.W.2d at 836 ("Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act."); *Royal Surplus Lines Ins. Co. v. Samaria Baptist Church*, 840 S.W.2d 382, 382–83 (Tex. 1992) ("[U]se of certified mail by a public official to effect service of process when a statute provides only for registered mail does not violate our strict compliance standard for service of process."); *McKanna*, 388 S.W.2d at 929 (reversing default judgment when plaintiff failed to strictly comply with rules for service of citation and stating that its holding "is in accord with the established law of this State that it is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service"); *In the Interest of K.M.C.*, No. 05-16-00635-CV, 2017 WL 745802, at *1 (Tex. App.—Dallas Feb. 27, 2017, no pet.) (mem. op.) ("Strict compliance with the rules governing service of citation is mandatory, and failure to comply constitutes error on the face of the record."); *Nat'l Sur. Corp. v. Anderson*, 809 S.W.2d 313, 316 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("Because rule 101 applies and appellant was served more than 90 days after issuance of the citation, the citation was void and appellant was not required to answer") (citing *Lewis v. Lewis*, 667 S.W.2d 910, 911 (Tex. App.—Waco 1984, no writ)); *Lewis*, 667 S.W.2d at 911 ("Since service of citation on defendant was 96 days after its issuance, such was ineffective; defendant was not required to answer; and the default judgment must be vacated."); *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501, 503 (Tex. Civ. App.—Corpus Christi 1980, no writ) ("The Texas Rules of Civil Procedure relating to the issuance, service and return of citation are generally regarded as mandatory, and failure to show affirmatively a strict compliance with the Rules will render the attempted service of process invalid and of no effect."); *Lemothe v. Cimbalista by Gates*, 236 S.W.2d 681, 681–82 (Tex. Civ. App.—San Antonio 1951, writ ref'd) ("[A]ll other rules relating to the issuing and serving of processes are generally regarded as mandatory, and failure to comply with such rules renders the service thereunder of no effect.") (citations omitted).

The Court suggests that the Act's judicial-review provisions' more specific purpose is to "provide a process for the judicial review of [Commission] decisions" and "to expedite filing and notice and presumably the appeal itself." *Ante* at ___.

Even assuming that correctly states the statute's purpose, construing the service-of-citation requirement as a condition precedent to appeal best promotes that purpose. By conditioning the right to appeal on the claimant's fulfillment of a duty to diligently and timely seek such review, the statute ensures that any appeal from a Commission decision must be pursued and resolved in an efficient and expedited manner. This is consistent with other language in the statute, which places particular emphasis on timeliness and strict compliance, noting that each chapter must be "vigorously enforced" and that violations of Commission rules or orders must result in "expeditious initiation of enforcement actions." TEX. HEALTH & SAFETY CODE § 382.002(b). As a court, we have no power to say otherwise. *Borowski v. Ayers*, 524 S.W.3d 292, 305 (Tex. App.—Waco 2016, pet. denied) ("The courts possess no legislative powers; therefore, the courts cannot excuse plaintiffs' noncompliance with statutory requirements merely because defendants, despite plaintiffs' noncompliance, are able to accomplish some of the Legislature's purpose in imposing the statutory requirements.").

The Court, however, makes no effort to address whether and how its construction supports this purpose. Instead, it simply concludes that, even though the statute's purpose is to expedite the resolution of appeals from Commission decisions, it finds "no textual basis to conclude that serving citation within 30 days of filing the petition is so essential to the statute's purpose that the Legislature intended anything less than strict compliance to require dismissal." *Ante* at ___. But because subsection (c) addresses constitutional service of citation, without which the trial court

13

lacks jurisdiction, the Commission has no duty to appear or take any action, and the suit cannot begin at all, until citation is served. *See Wilson*, 800 S.W.2d at 836–37; *El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.) ("Citation serves the purposes of giving the court jurisdiction over the defendant, satisfying due process requirements, and giving the defendant an opportunity to appear and defend.") (citing *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ)); *Cockrell*, 737 S.W.2d at 140 ("The purpose of citation is to give the court proper jurisdiction of the parties and to provide notice to the defendant that he has been sued and by whom and for what so that due process will be served and he will have an opportunity to appear and defend the action."); *see also Tex. Nat. Res. Conservation Com'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex. 2002) ("[A] 'citation' is directed to the defendant, telling the defendant that he or she has been sued and commanding the defendant to appear and answer the opposing party's claims.").

Thus, service of citation is different from mere notice, and we should be loath to confuse the two. *See Perez v. Perez*, 59 Tex. 322, 324 (1883) ("The words *citation* and *notice* are by no means synonymous. . . . A notice is much less formal."). Indeed, we have observed that "service of citation" is "a term of art that describes the formal process by which a party is informed that it has been sued." *Sierra Club*, 70 S.W.3d at 813. Contrary to the Court's suggestion, the statute provides a "textual basis to infer that" *service of citation* "is essential to the statute's purpose" because, until citation has been served on the Commission, the process of judicial review cannot commence at all.

Beyond the Court's identified purpose of expediting appeals from Commission decisions, I would conclude that another "purpose"—or, I would say, "effect"—of the statute is to express

14

the Legislature's policy decisions as to when to waive the Commission's sovereign immunity and allow for judicial review of executive-branch decisions. Because the statute provides a limited waiver of immunity, we must construe it narrowly in favor of retaining the State's immunity. *See In re Smith*, 333 S.W.3d 582, 587 (Tex. 2011) ("First, a statutory waiver of sovereign immunity must be construed narrowly.") (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("We interpret statutory waivers of immunity narrowly. . . .")); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) ("[W]hen construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity."); *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 854 (Tex. 2002) ("Subjecting the government to liability may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments."); *Magnolia Petroleum Co. v. Walker*, 83 S.W.2d 929, 934 (Tex. 1935) ("'Legislative grants of property, rights, or privileges must be construed strictly in favor of the state. . . .'") (quoting *Empire Gas & Fuel Co. v. State*, 47 S.W.2d 265, 272 (Tex. 1932)). Construing the statute to permit judicial review only when the claimant has complied with the statute's express requirements best fulfills this purpose of providing a limited waiver of immunity.

## IV.
### Conclusion

The Clean Air Act allows a person to appeal a Commission decision by filing a petition in a Travis County district court. The petition "must" be filed within thirty days after the decision and service of citation "must" be accomplished within thirty days after filing. The filing and service requirements are conditions precedent to the right to pursue the appeal. The statute's plain language compels this result, and the statute's effects likewise support this conclusion. I would

15

hold that because AC Interests failed to serve citation on the Commission within thirty days, as the statute says it "must" do, it cannot pursue this appeal. Because the Court holds otherwise, I respectfully dissent.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: March 23, 2018