**REVERSE and REMAND and Opinion Filed August 28, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01227-CV

**GREG GUTMAN, Appellant**
**V.**
**RICHARD WAYNE WELLS AND REAL ESTATE ARBITRAGE PARTNERS, LLC,**
**Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-06158**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

We withdraw our opinion dated August 5, 2019. This is now the Court's opinion in this case.

This is an appeal from the trial court's Rule 91a dismissal of Greg Gutman's declaratory judgment action against Richard Wells and Real Estate Arbitrage Partners, LLC (Arbitrage). Gutman's two issues argue that the trial court erred by (i) dismissing the action and, consequently, (ii) awarding Wells and Arbitrage reasonable attorney's fees.

This case asks us to decide whether a petition alleging that a defendant has repeatedly harassed and threatened the plaintiff because he refuses to accede to the defendant's unlawful demands presents a sufficiently concrete dispute to justify a viable action seeking a judgment declaring that the plaintiff need not accede to those demands.

As discussed below, the trial court erred by dismissing the case because there was a justiciable controversy to be determined by declaratory judgment. And because the dismissal was reversible error, the court also erred by awarding attorney's fees against Gutman. We thus reverse the trial court's judgment and remand the case for further proceedings.

## I. BACKGROUND

We draw the relevant facts verbatim from the allegations in Gutman's petition:

9. Previously Plaintiff had sued Defendants in Cause No. DC-17-1809 in the 95th District Court to set aside a contract between Plaintiff and Arbitrage, which request was premised upon both, deficiencies in the formation of the contract and fraud practiced by the Defendants. Defendants counter-claimed against Plaintiff for alleged fraud and enforcement of the contract.

10. Following a trial in the 95th District Court, all of Plaintiffs claims against Arbitrage were validated and found to be meritorious and all of Defendant's claims were found to be groundless. No Judgment issued against Defendant Wells.

11. Based upon the foregoing, on the 7th day of August, 2017, the Judge of the 95th District Court issued a Judgment in favor of Plaintiff and as against Defendant Arbitrage, cancelling the contract, and awarding Plaintiff attorney's fees, court costs and interests. Defendants were awarded no relief under their counter-claims. The Judgment survived an unsuccessful attempt at an appeal.

12. Weeks following the Judgment, Plaintiff recorded an Abstract of Judgment in the Deed Records of Dallas County. The Abstract of Judgment only referenced the Judgment awards against Defendant Arbitrage. The Abstract of Judgment did not contain any indication that there was any claim referenced in the Abstract of Judgment with respect to Defendant Wells.

13. The Judgment amounts awarded to Plaintiff were paid in full on the 7th day of May, 2018. Consistent with his duties, Plaintiff agreed to deliver and did deliver to Arbitrage on the 9th of May, 2018, a properly composed, executed, acknowledged and notarized release of the Judgment and any related liens arising there under.

14. Despite delivering a fully completed and executed release of Judgment and lien, Defendants had repeatedly demanded that Plaintiff likewise execute and deliver to Defendants a release of an Abstract of Judgment against Defendant Wells, despite the fact that Defendants know and have been repeatedly advised that Plaintiff never had, nor does he now claim to have or hold a Judgment of any type against Defendant Wells.

Additionally, Gutman's fifteenth paragraph began:

–2–

Defendants have repeatedly harassed and threatened Plaintiff for his refusal to release a judgment he does not have and rights he does not claim to own. Plaintiff believes that there is no obligation under the law to release that which has not been claimed. Therefore a justiciable controversy exists about the rights and responsibilities of the parties concerning Defendants' rights if any to demand such a release or Plaintiff's obligation, if any, to provide such a release.

Paragraph fifteen further asked the trial court to end the harassment and intimidation by resolving the controversy and declaring the parties' rights.

Wells and Arbitrage moved to dismiss the case pursuant to Rule 91a because there was no justiciable controversy. *See* TEX. R. CIV. P. 91a. The trial court granted the motion and awarded Wells and Arbitrage $3,605 in attorney's fees with an additional $7,500 conditioned on the successful defense of an appeal. This appeal followed.

## II. ANALYSIS

### A. Standard of Review and Applicable Law

Texas Rule of Civil Procedure 91a authorizes a defendant to move for dismissal of a cause of action that has no basis in law or in fact. TEX. R. CIV. P. 91a; *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1.

In deciding a Rule 91a motion, the trial court may consider only the live pleading and any attachments thereto. TEX. R. CIV. P. 91a.6 ("the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59"); *AC Interests, L.P. v. Tex. Comm'n on Envt'l Quality*, 543 S.W.3d 703, 706 (Tex. 2018).

The rule further requires the trial court to award the prevailing party all costs and reasonable and necessary attorney's fees incurred regarding the challenged cause of action in the trial court. TEX. R. CIV. P. 91a.7.

We review de novo a trial court's decision on a Rule 91a motion. *City of Dallas*, 494 S.W.3d at 724. In doing so, we apply the fair-notice pleading standard to determine whether the petition's allegations are sufficient to allege a cause of action, and we look solely to the pleading and any attachments to make this determination. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *4 (Tex. App.—Dallas Jan. 30, 2019, pet. denied) (mem. op).

The Declaratory Judgments Act gives trial courts the "power to declare rights, status, and legal relations" between or affecting parties "whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM. CODE § 37.003(a); *see also id*. § 37.002(b) ("This chapter is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered.").

The critical requirements to obtain a declaratory judgment are the existence of a justiciable controversy as to the rights and status of the parties that the declaration sought will resolve. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

A justiciable controversy involves a real and substantial dispute including a genuine conflict of tangible interests, rather than merely a theoretical disagreement. *See Village of Tiki Island v. Premier Tierra Holdings, Inc*., 555 S.W.3d 738, 744–45 (Tex. App.—Houston [14th Dist.] 2018, no pet.). There is a real and substantial dispute when the requested declaration will "serve a useful purpose or will terminate the controversy between the parties." *Bonham State Bank*, 907 S.W.2d at 468.

## B. Application of Law to Facts

Here, Gutman's petition alleges that Wells requested a release, Gutman refused to provide the release, and that Wells harassed and threatened Gutman because he refused to provide the release. This sets out a controversy—whether Gutman must provide Wells the requested release—

that is real and not hypothetical. Taking all reasonable inferences in Gutman's favor there is a justiciable controversy because the controversy results from Wells repeatedly harassing and threatening Gutman. Although these allegations are less than specific, at this early stage they adequately assert that the declaratory judgment will serve a useful purpose of terminating the parties' controversy and ending the harassment and threats.

That the circumstances in this case are not among the civil practice and remedies code § 37.004(a) specific examples of situations in which declaratory judgments are proper is of no moment because that section's enumeration is not exclusive:

> The enumerations in Sections 37.004 and 37.005 do not limit or restrict the exercise of the general powers conferred in this section [§ 37.003] in any proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty.

TEX. CIV. PRAC. & REM. CODE § 37.003(c).

Gutman also argues that the attorney's fees award was improper because the dismissal was in error. We agree.

Because the trial court's errors resulted in an improper judgment on both issues, we reverse and remand this case to the trial court for further proceedings.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


Partida-Kipness, J., dissenting

181227F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREG GUTMAN, Appellant

No. 05-18-01227-CV      V.

RICHARD WAYNE WELLS AND REAL
ESTATE ARBITRAGE PARTNERS, LLC,
Appellees

On Appeal from the 95th District Court,
Dallas County, Texas
Trial Court Cause No. DC-18-06158.
Opinion delivered by Justice Whitehill.
Justices Partida-Kipness and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant GREG GUTMAN recover his costs of this appeal from appellees RICHARD WAYNE WELLS AND REAL ESTATE ARBITRAGE PARTNERS, LLC.

Judgment entered August 28, 2019.