

November 17, 2025

The Honorable Aaron Kinsey
Chair
State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

**Opinion No. KP-0503**

Re: The extent of the requirements under Section 28.002(a)(2)(G) to adopt and implement essential knowledge and skills regarding religious literature for and in Texas public schools (RQ-0621-KP)

Dear Mr. Kinsey:

You ask several questions regarding the State Board of Education's duties in relation to religious literature.[1] You first ask whether the Board must promulgate rules identifying essential knowledge and skills for this component of the "enrichment curriculum." Request Letter at 3 (citing TEX. EDUC. CODE § 28.002(a)(2)(G)). If so, you also seek guidance as to whether the Board may implement religious literature through integrated instruction (*i.e.*, "by embedding" the topic "in other subjects") or "as a standalone course requirement." *Id.*

**The Board must promulgate rules identifying the essential knowledge and skills for religious literature, and school districts must offer compliant instruction on the same.**

We begin with some background on the Board and the public education system over which it presides. Texas' educational lodestar is fixed "on the conviction that a general diffusion of knowledge is essential for the welfare of this state and for the preservation of the liberties and rights of citizens." TEX. EDUC. CODE § 4.001(a). To this end, the Board is a constitutionally ordained body that is bound to "perform such duties as may be prescribed by law." TEX. CONST. art. VII, § 8; *accord* TEX. EDUC. CODE § 7.102(a). Among these statutory duties is the Board's obligation to, "by rule[,] identify the essential knowledge and skills of each subject of the required

---

[1] *See* Letter from Hon. Aaron Kinsey, Chair, State Bd. Of Educ., to Hon. Ken Paxton, Tex. Att'y Gen. at 3 (Oct. 9, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0621KP.pdf ("Request Letter").

curriculum that all students should be able to demonstrate."[2] TEX. EDUC. CODE § 28.002(c). This regulatory pillar of the public education system—better known as "the Texas Essential Knowledge and Skills (TEKS) curriculum," *Morath v. Tex. Taxpayer & Student Fairness Coal.*, 490 S.W.3d 826, 835 (Tex. 2016)—proves consequential given the Board's corresponding mandate to "require," "[a]s a condition of accreditation," that "each district . . . provide instruction in the [TEKS] . . . at appropriate grade levels." TEX. EDUC. CODE § 28.002(c).

Whether the Education Code compels the Board to promulgate TEKS for "religious literature" is ultimately a question of statutory construction. This requires that we "ascertain and give effect to the Legislature's intent," *Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 847 (Tex. 2024) (citation omitted), as reflected in "the plain meaning of [the] statute's words," *Cadena Com. USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)—remaining mindful of the greater statutory "context and framework," *Aleman v. Tex. Med. Bd.*, 573 S.W.3d 796, 802 (Tex. 2019). Put simply, "[w]e take the Legislature at its word." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). When the Legislature does not define a statute's terms, however, we consult relevant dictionaries and rely on that ordinary meaning. *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34 (Tex. 2017).

Here, of course, the call of the Education Code is clear: Subsection 28.002(c) provides that the Board "*shall* by rule identify" TEKS for "*each* subject of the required curriculum." TEX. EDUC. CODE § 28.002(c) (emphases added). The word "shall" traditionally "imposes a duty," TEX. GOV'T CODE § 311.016(2); *accord AC Interests, L.P. v. Tex. Comm'n on Env't Quality*, 543 S.W.3d 703, 709 (Tex. 2018), and the term "each" functions as "[a] distributive adjective pronoun . . . refer[ring] to every one of the . . . things mentioned," BLACK'S LAW DICTIONARY 266 (5th ed. 1983, abridged); *see also, e.g.*, WEBSTER'S NEW WORLD COLLEGE DICTIONARY 446 (4th ed. 2002) (defining "each" as "being one of two or more"). This aligns with the fact that the Legislature specified twelve subjects—*i.e.*, "object[s] of study . . . use[d] for pedagogic . . . purposes," THE OXFORD ENGLISH DICTIONARY 29 (2d ed. 1989); *accord* NEW OXFORD AMERICAN DICTIONARY 1733 (3d ed. 2010); WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1426 (4th ed. 2002)—that make up the "required curriculum" in Texas. *See* TEX. EDUC. CODE § 28.002(a)(1)–(2). Nor can there be any question that the Legislature included "religious literature" within that curricular foundation. *Id.* § 28.002(a)(2)(G). As such, subsection 28.002(c) plainly compels the Board to promulgate TEKS for religious literature.

This is further confirmed by the Legislature's demonstrated ability to provide otherwise. Consider, for example, schools' obligation to "annually certify" the provision of "instructional materials that cover all elements of the [TEKS] . . . adopted by the . . . Board . . . for [a] subject and grade level." *Id.* § 31.1011(a), (a)(1)(A). This section of the Education Code makes clear that the duty pertains to "each subject in the required curriculum . . . *other than* physical education." *Id.* § 31.1011(a)(1) (emphasis added). The Board's responsibility to promulgate rules identifying TEKS for "each subject of the required curriculum," on the other hand, contains no such

---

[2] This required curriculum includes both a "foundation curriculum" and "an enrichment curriculum," TEX. EDUC. CODE § 28.002(a)(1)–(2), which are to be offered by school districts and open-enrollment charter schools that offer kindergarten through twelfth grade, *id.* §§ 12.111(a)(1), 28.002(a). The enrichment curriculum includes a component on "religious literature[] . . . and its impact on history and literature." *Id.* § 28.002(a)(2)(G).

qualification. *See id.* § 28.002(c). We cannot ignore this omission without betraying the presumption that "the legislature chose the statute's language with care, purposefully choosing each word[] while purposefully omitting words not chosen." *In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020). This once more returns us to the Education Code's plain text, which requires that the Board promulgate rules identifying TEKS for religious literature. *See supra* p. 2.

**The Board may implement TEKS for religious literature through instructional integration with other courses or, where appropriate, in a standalone course.**

You also ask whether the Board may implement TEKS for religious literature through integration "in other subjects such as English[,] language arts or social studies" or "as a standalone course requirement." Request Letter at 3. As we concluded in GA-0657, the Education Code provides that "the enrichment curriculum will include 'religious literature'" but "d[oes] not mandate that this curriculum instruction be provided in independent courses." Tex. Att'y Gen. Op. No. GA-0657 (2008) at 9. Subsection 28.002(a) sets out "the overall subject matter to be offered by school districts," we explained, and the corollary accreditation standard "requires school districts to provide 'instruction,' not 'courses,' in the [TEKS] . . . identified for each required . . . subject." *Id.* at 3 (adding that "instruction in those subjects must be tailored to the age of the students," and "the 'course' method is not typical of instruction at the elementary school level"). Equally important was the fact that the Legislature had specified when components of the required curriculum were to be delivered in one manner or another. *Id.* at 4–5 (accumulating examples). As a result, we ultimately determined that the Board could "provide for enrichment curriculum offerings . . . by rule," *id.* at 9—whether through required integration with "another course in the foundation or enrichment curriculum" or, where appropriate, in "an independent course," *id.* at 5.

Time has not diminished this statutory reality. Today, the Education Code still requires that the enrichment curriculum include "religious literature" and commands the Board to predicate accreditation on school districts providing the full scope of required "instruction." TEX. EDUC. CODE § 28.002(a)(2)(G), (c). This framework likewise persists in distinguishing between TEKS that are to be offered through independent courses as opposed to general instruction. *See, e.g.*, *id.* §§ 28.0021(a) (requiring certain TEKS "instruction in kindergarten through grade eight" as well as in "one or more courses for high school"), 28.025(b-1)–(b-2) (requiring certain TEKS "course[s]" in high school). But the Legislature has not directed one approach over another for religious literature, *id.* § 28.002(a)(2)(G), and *instruction* remains the baseline mandate within schools "that offer[] kindergarten through grade 12," *id.* § 28.002(a), (c); *accord* Tex. Att'y Gen. Op. No. GA-0657 (2008) at 3. This leaves the means of implementing religious literature TEKS—whether through integrated instruction or, where appropriate, in a standalone course—to the Board's reasoned rulemaking. *Compare, e.g.*, 19 TEX. ADMIN. CODE § 115.13 (First Grade "Health Education" TEKS, referencing "instruction"), *with id.* § 115.38 (Ninth to Twelfth Grade "Health I" TEKS, referencing a "half-credit . . . course").

To be sure, two former representatives counter that the Legislature intended religious literature be offered solely through an independent elective course—highlighting section 28.011 of the Education Code and the lack of "legislative discussion" that religious literature TEKS would

be "embedd[ed] in other courses."[3] We disagree. This position conflates the propriety of a school district offering instruction in a discretionary, *elective* course with the Board's independent duty to require TEKS-based instruction on the *required* curriculum. *Compare* TEX. EDUC. CODE §§ 28.002(a)(2), (c) (detailing the required curriculum and mandating "instruction"), *with id.* § 28.011(a) (providing "[a] school district may offer" an elective course on the Hebrew Scriptures and New Testament), *and* Tex. Att'y Gen. Op. No. GA-0657 (2008) at 9 (confirming elective nature of this course and noting that schools must still comply with curriculum requirements). The former is of no moment to the latter. *Cf. supra* p. 3 (highlighting statutory language requiring courses versus instruction, none of which memorialize discretion to offer an elective course). Even more, "[s]tatements made during the legislative process by individual legislators or even a unanimous legislative chamber are not evidence of the collective intent of the majorities of both legislative chambers that enacted a statute." *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011); *see also, e.g.*, ANTONIN SCALIA & BRIAN GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 369–90 (2012). We are thus forbidden from "rely[ing] on such extrinsic aids to construe unambiguous statutory language" because the text alone "is the surest guide to the Legislature's intent." *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 135 (Tex. 2018) (citation omitted).

Ultimately, the Board's powers include those the "Legislature has expressly conferred" as well as "those implied powers that are reasonably necessary to carry out its statutory duties." *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 33 (Tex. 2017). Beyond the previously discussed obligation to "by rule identify" TEKS for "each subject of the required curriculum," *see supra* pp. 2–3 (citing TEX. EDUC. CODE § 28.002(c)), lies the Board's generalized duty to promulgate rules that "carry out" and "implement[]" the same. TEX. EDUC. CODE §§ 7.102(c)(11), 28.002(i). The phrase "carry out" ordinarily means "to put into execution," WEBSTER'S THIRD NEW INT'L DICTIONARY 354 (1993, unabridged), and the term "implement" likewise means "to put into effect according to or by means of a definite plan or procedure," RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 961 (2d ed. 1987, unabridged). This sits comfortably alongside our previous recognition that the Board is to "provide for enrichment curriculum offerings . . . by rule," whether through instructional integration with "another course" or, where appropriate, in "an independent course." Tex. Att'y Gen. Op. No. GA-0657 (2008) at 5, 9 (highlighting that certain grade levels carry unique instructional expectations). We therefore reaffirm that position.

---

[3] *See* Letter and Attachment from Hon. Rob Eissler and Hon. Scott Hochberg, Fmr. Reps., to Op. Comm., Tex. Att'y Gen. at 1–3 (rec'd Oct. 28, 2025) (on file with the Op. Comm.).

## S U M M A R Y

Subsection 28.002(c) of the Education Code requires the State Board of Education to identify by rule the essential knowledge and skills for religious literature. The Board may require instructional integration of religious literature with other courses or, where appropriate, in a standalone course.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee